511 So.2d 688 (1987)
Jeffrey GROSSE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0346.
District Court of Appeal of Florida, Fourth District.
August 12, 1987.
Rehearing Denied September 17, 1987.
Jeffrey Grosse, pro se.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant appeals an order denying a motion for reduction of sentence. The motion to mitigate was timely filed with the clerk, but no hearing was scheduled and no action taken within 60 days after imposition of sentence. The trial judge correctly determined that therefore the court lacked jurisdiction pursuant to Florida Rule of Criminal Procedure 3.800(b). See State v. Smith, 360 So.2d 21 (Fla. 4th DCA), cert. denied, 366 So.2d 885 (Fla. 1978); Sayer v. State, 267 So.2d 42 *689 (Fla. 4th DCA 1972); Wilson v. State, 487 So.2d 1130 (Fla. 1st DCA), rev. denied, 496 So.2d 143 (Fla. 1986); State v. Mancil, 354 So.2d 1258 (Fla. 2d DCA 1978); State v. Sotto, 348 So.2d 1222 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1219 (Fla. 1978).
Appellant contends that he has suffered an injustice, as it was not his fault that his motion sat in the court file while the time period expired. However, not only was it his responsibility, even acting pro se, to schedule a hearing, but we note that there is not even an indication of notice to the state. The court clerk has no responsibility to notice hearings. This is the duty of parties under Florida Rule of Criminal Procedure 3.060. Although the result may be harsh on a pro se petitioner, there is no discretion where the court has lost jurisdiction. We have also considered Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985), and State v. Golden, 382 So.2d 815 (Fla. 1st DCA 1980), but find them inapposite. The order of the trial court is therefore affirmed.
DOWNEY, J., concurs.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring.
I recognize that precedent from this court seems to require the result announced in the majority opinion. However, I believe this construction of Rule 3.800(b) is unreasonable and too inflexible to serve the basic purposes of the rule.[1]
Florida's rule provides that the trial court may modify or reduce a sentence within 60 days after the sentence is imposed. Our courts have interpreted this language as a mandatory, jurisdictional limitation: the motion and the order must be entered within the time period. That is not the case under the Federal Rules. Federal Rule of Criminal Procedure 35(b) provides that a motion to reduce sentence may be made within 120 days after imposition of the sentence, and that the court "shall determine the motion within a reasonable time." The notes of the advisory committee indicate that the rule was amended in 1985 to clarify that as long as defendant's motion is filed within the time limit, the court has a "reasonable time" to make a determination. Clarification was necessary to counteract "dictum" in some cases which found the time period to be jurisdictional, requiring the court to act within the time period. Even before amendment, most federal courts interpreted the rule as requiring the motion to be timely, but giving the court a reasonable time to make a determination. United States v. DeMier, 671 F.2d 1200 (8th Cir.1982); United States v. Mendoza, 581 F.2d 89 (5th Cir.1978); United States v. Stollings, 516 F.2d 1287 (4th Cir.1975). Cases subsequent to amendment have, of course, continued to so hold. United States v. House, 808 F.2d 508 (7th Cir.1986); United States v. Wheeler, 645 F. Supp. 250 (N.D.Ind. 1986).
Cases from a few other states indicate that interpretation varies. For example, Alabama and Wyoming allow the court to consider the motion outside the time limit, as long as the motion was timely filed. Nelson v. State, 733 P.2d 1034 (Wyo. 1987); Pickron v. State, 475 So.2d 599 (Ala. 1985). Illinois and the District of Columbia follow an interpretation similar to Florida: that the court is required to enter an order within the time limit and loses jurisdiction *690 after expiration, even if the motion is timely filed. People v. Crete, 113 Ill.2d 156, 100 Ill.Dec. 573, 497 N.E.2d 751 (1986); Lawrence v. United States, 488 A.2d 923 (D.C. 1985).
NOTES
[1] It should be noted at the outset that this order denying a motion for reduction of sentence may not be appealable. Hallman v. State, 371 So.2d 482, 484 (Fla. 1979),affirming 343 So.2d 912 (Fla. 2d DCA 1977); Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985); Davenport v. State, 414 So.2d 640 (Fla. 1st DCA 1982); Ziegler v. State, 380 So.2d 564 (Fla. 3d DCA 1980). The cases cited in the majority opinion are procedurally distinguishable from the instant case and do not involve appeals from such an order. For example, Mancil, Golden, and this court's Smith opinion involved appeals by the state of orders granting defendants' motions to reduce. Sayer was an appeal from an order revoking probation; Sotto was a petition for certiorari by the state to review an order mitigating a sentence; Wilson was an appeal from a sentence imposed for probation violation. Although these cases discuss the jurisdictional limitations imposed by Rule 3.800, it is well-established that denial of a motion under the rule is not appealable. However, this court could choose to treat this appeal as a petition for writ of certiorari, as the Second District did in Smith, 471 So.2d 640.