603 So.2d 648 (1992)
STATE of Florida, Appellant,
v.
Harold BLUE, Appellee.
No. 91-2071.
District Court of Appeal of Florida, Fifth District.
August 7, 1992.
*649 Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellee.
PETERSON, Judge.
The State appeals an order reducing Harold Blue's sentence upon his motion to mitigate sentence.
In exchange for a guidelines sentence not to exceed the recommended range of nine to twelve years, Blue entered pleas of no contest to several counts of uttering forgeries, dealing in stolen property, and grand theft. The pleas were accepted; judgment was entered; and on March 29, 1991, Blue was sentenced within the permitted range to eight years' incarceration followed by four years' probation.
On May 23, 1991, Blue filed his motion to mitigate sentence, and on September 4, 1991, the trial court entered an order reducing the period of incarceration by one year. The state appeals this reduction, arguing that the trial court lacked jurisdiction because the order mitigating sentence was entered more than sixty days after sentence was imposed. We agree.
Rule 3.800(b), Florida Rules of Criminal Procedure, provides:
A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within sixty days after such imposition, or within sixty days after receipt by the court of a mandate issued by the appellate court upon affirmance of the judgment and/or sentence upon an original appeal, or within sixty days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence... .
Since there was no appeal, the trial court had sixty days following imposition of sentence within which to reduce or modify Blue's sentence. It lost jurisdiction to do so after sixty days had passed since imposition of the sentence. It is irrelevant that the motion to mitigate sentence was made within the sixty-day period. Dominguez v. State, 556 So.2d 499 (Fla.1st DCA 1990); Grosse v. State, 511 So.2d 688 (Fla.4th DCA 1987), review denied, 519 So.2d 987 (Fla. 1988).
A petition for common-law writ of certiorari was the proper vehicle by which the State should have sought review of the trial court's reduction of sentence, an action in excess of its jurisdiction. Hudson v. Hofmann, 471 So.2d 117 (Fla.2d DCA 1985), review denied, 480 So.2d 1294 (Fla. 1985). We treat the State's appeal as a petition for the writ, grant the petition, and quash the order reducing Blue's sentence.
PETITION GRANTED; ORDER QUASHED.
W. SHARP and DIAMANTIS, JJ., concur.