668 So.2d 279 (1996)
Christopher M. MOYA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00371.
District Court of Appeal of Florida, Second District.
February 16, 1996.
*280 ALTENBERND, Judge.
Christopher M. Moya appeals an order denying his motion to mitigate sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(b). Such an order is not appealable, but may be reviewed in an extraordinary case under this court's certiorari jurisdiction. Arnold v. State, 621 So.2d 503 (Fla. 5th DCA 1993); Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985), approved sub nom., Abreu v. State, 660 So.2d 703 (Fla. 1995).
Mr. Moya was sentenced to prison on October 10, 1995, following revocation of probation. He mailed his pro se motion to mitigate to the court in early November. It was filed on November 8, 1995, well within the sixty-day period during which a trial court can mitigate a legal sentence.
The trial court took no action on the motion until December 20, 1995. On that day, it entered an order dismissing the motion for lack of jurisdiction. Thus, the trial court did not consider the merits of Mr. Moya's timely motion merely because the court itself did not timely review the motion.
Recently, the supreme court held in Abreu that within a reasonable period, a trial court has jurisdiction to grant a party's motion for enlargement of time under rule 3.050 in order to review a timely-filed rule 3.800(b) motion to mitigate. 660 So.2d at 705. Rule 3.050 also permits a trial court, on its own motion, to enlarge time for such filing. Thus, the trial court departed from the essential requirements of the law when it dismissed the motion to mitigate for lack of jurisdiction. The trial court had jurisdiction to determine whether it should enlarge time under these circumstances to review the timely-filed motion.
Accordingly, we quash the trial court's order, and remand for further proceedings consistent with this opinion. We express no opinion on the merits of Mr. Moya's motion.
Petition for writ of certiorari granted, order quashed, and cause remanded with directions.
FRANK, A.C.J., and LAZZARA, J., concur.