685 So.2d 31 (1996)
Charles Wayne BRANTLEY, Petitioner,
v.
The Honorable Cynthia A. HOLLOWAY, Respondent.
No. 96-03611.
District Court of Appeal of Florida, Second District.
December 4, 1996.
Charles Wayne Brantley, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Respondent.
ALTENBERND, Judge.
Charles Wayne Brantley requests this court to issue a writ of mandamus compelling the trial court to rule upon his motion for reduction of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b). Although the trial court denied his motion for the wrong reason, we decline to issue a writ of mandamus or certiorari. The trial court lost jurisdiction to rule on this motion within hours of its receipt because of Mr. Brantley's unexplained delay in filing the motion.
The trial court sentenced Mr. Brantley on April 10, 1996. Mr. Brantley alleges that he mailed a motion for reduction of sentence on June 5, 1996, from prison. The motion was filed with the trial court on Monday, June 10, 1996, sixty-one days after sentencing. The trial court denied the motion on August 5, 1996, explaining that it "was not filed within sixty days of the imposition of sentence." Mr. Brantley argues that he is entitled to a writ of mandamus under two theories: (1) his motion was timely filed on June 5, 1996, under the "mailbox rule" adopted in Haag v. State, 591 So.2d 614 (Fla.1992); and (2) it *32 was filed on a Monday after a weekend expiration date.[1]
First, the "mailbox rule" provides that certain pleadings are deemed filed by prisoners when the documents are turned over to prison personnel for mailing. While Haag applies to the filing of a motion for postconviction relief pursuant to rule 3.850, we need not decide whether it applies to the filing of a discretionary motion, such as a rule 3.800(b) motion for reduction of sentence that is not constitutionally guaranteed.[2] The sixty-day period established by rule 3.800(b) runs from the imposition of sentence and is not tolled by the filing of a motion for reduction of sentence. By waiting until the last moment to mail his motion, Mr. Brantley never gave the trial court a meaningful opportunity to rule on his motion within the allotted jurisdictional time.
Second, it is true that the last day on which the trial court could grant a reduction in sentence was automatically extended until Monday because the sixtieth day after sentencing was Sunday, June 9, 1996. Fla. R.Crim. P. 3.040. Thus, the trial court's reason for denying this motion was technically incorrect. Nevertheless, Mr. Brantley filed his motion knowing that the trial court would have virtually no time to consider it and did not request an enlargement of time pursuant to rule 3.050.
In Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996), we required a trial court to decide whether it should have raised and granted its own motion for enlargement of time when the court itself was the cause of a lengthy delay in processing such a motion. In the absence of such a holding, a trial court could simply delay all motions for reduction in sentence until it lost jurisdiction. Moya does not apply when the loss of jurisdiction is caused by the defendant's delay in either filing a timely motion or a proper motion for enlargement of time.
Petition for writ of mandamus is denied.
DANAHY, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Mr. Brantley's petition for writ of mandamus was not accompanied by an appendix sufficient to establish the truth of these representations. The only document from the trial court in our possession is the order denying the motion for reduction of sentence.
[2] Effective July 1, 1996, former rule 3.800(b) is now enumerated as rule 3.800(c). Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996).