866 So.2d 120 (2004)
STATE of Florida, Appellant,
v.
Brenda WOODARD, Appellee.
No. 4D03-967.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
*121 Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellee.
OFTEDAL, RICHARD L., Associate Judge.
The State appeals an order of the trial judge granting Brenda Woodard's motion to modify her jail sentence.
On October 22, 2002, Woodard pled no contest to two felony counts of possession of cocaine and possession of drug paraphernalia. She was sentenced that same day on both counts to eight months in jail with credit for forty-five days time served. Her pro se motion to modify sentence was mailed in November 2002, within the sixty-day window period for filing as required by Florida Rule of Criminal Procedure 3.800(c).[1] Although Woodard's motion was timely filed, no action was taken or hearing held until February 18, 2002, at which time the trial court reduced her sentence to time served.
The State correctly argues that the trial court lost jurisdiction when it failed to reduce or modify Woodard's sentence within sixty days of imposition of sentence. See Hussey v. State, 739 So.2d 123 (Fla. 4th DCA 1999). This is so even where, as in this case, the "motion sat in the court file while the time period expired." Grosse v. State, 511 So.2d 688, 689 (Fla. 4th DCA 1987); see also State v. Blue, 603 So.2d 648, 649 (Fla. 5th DCA 1992)("It is irrelevant that the motion to mitigate sentence was made within the sixty-day period."). It is the sole responsibility of the movant to see that the motion is scheduled for a hearing within the window period.
Just as the Fifth District did in Blue, we elect to treat the State's appeal as a petition for common-law writ of certiorari, inasmuch as it alleges that the trial court acted in excess of its jurisdiction. See id. Accordingly, the petition is granted and the order granting Woodard's motion to modify her sentence is quashed.
PETITION GRANTED; ORDER QUASHED.
POLEN and GROSS, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800(c) provides that, in the absence of a timely appeal, "[a] court may reduce or modify ... a legal sentence imposed by it within 60 days after the imposition."