914 So.2d 455 (2005)
Keith A. HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3366.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
Rehearing Denied December 7, 2005.
*456 Keith A. Howard, Indiantown, pro se.
No appearance required for appellee.
WARNER, J.
Keith Howard appeals an order denying his motion to mitigate his sentence. Such an order is not appealable, see Oser v. State, 699 So.2d 844 (Fla. 4th DCA 1997), but we treat this as a petition for writ of certiorari, because the denial was based on lack of jurisdiction due to the motion's untimeliness. See Lancaster v. State, 821 So.2d 416 (Fla. 2d DCA 2002). As the motion was filed beyond the 60 day period of Florida Rule of Criminal Procedure 3.800(c), we deny the petition.
This court issued the mandate in Howard's appeal on February 18, 2005. Pursuant to rule 3.800(c) the trial court had jurisdiction until Wednesday, April 19, 2005, to dispose of any rule 3.800(c) motion. The motion was filed in the trial court on April 20, 2005, with a certificate of service representing that it was sent on April 16, 2005.
Thus the court lacked jurisdiction to rule on the motion because it was filed one day late. Although Howard does not mention Haag v. State, 591 So.2d 614 (Fla.1992), and the "mailbox rule," which provides that certain pleadings are deemed filed when turned over to prison personnel for mailing, application of that rule would not prevent the dismissal of his petition as being untimely. As was said in Brantley v. Holloway, 685 So.2d 31, 32 (Fla. 2d DCA 1996), "[b]y waiting until the last moment to mail his motion, Mr. Brantley never gave the trial court a meaningful opportunity to rule on his motion within the allotted jurisdictional time." Although a trial court may have the ability to enlarge the time when the court itself is the cause of the delay, see, e.g., Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996), Brantley notes that this is not required where the delay is caused by the defendant's late filing of the motion.
Finally, we would advise the trial court that the routine language in its order that the defendant has the right to appeal this denial of a rule 3.800(c) motion is incorrect and should be eliminated. There is no right of appeal of those orders. See Oser.
Petition denied.
STONE and MAY, JJ., concur.