920 So.2d 825 (2006)
Kimberly BYRD, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-4185.
District Court of Appeal of Florida, Second District.
February 22, 2006.
Kimberly Byrd, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Respondent.
*826 SALCINES, Judge.
Kimberly Byrd seeks certiorari review of an order dismissing as untimely a motion to correct, reduce, and modify sentence which Byrd had filed pursuant to Florida Rule of Criminal Procedure 3.800(c). The State candidly concedes that this case warrants certiorari relief. We agree and grant Byrd's petition.
Byrd was sentenced in two cases on May 18, 2005. One of those cases concerned the revocation of her probation, circuit court case number CRC 02-12710 CFANO, and the other concerned a conviction for a new offense, circuit court case number CRC 05-00801 CFANO.
Byrd timely filed a notice of appeal as to both cases. However, before an appellate decision on the merits had been made, Byrd filed a notice of voluntary dismissal. This court rendered an order dismissing Byrd's appeal on July 14, 2005.
Shortly thereafter, on July 25, 2005, Byrd filed with the circuit court the subject rule 3.800(c) motion to correct, reduce, and modify the sentence imposed in case number CRC 05-00801 CFANO. The circuit court found that the motion was filed more than sixty days after sentencing and was thus untimely. The circuit court concluded that it lacked jurisdiction and dismissed the motion.
Critical to the circuit court's determination regarding the timeliness of the motion was the mistaken belief that Byrd had not taken an appeal from case number CRC 05-00801 CFANO, the case in which she lodged her 3.800(c) motion.[1] An appeal had been taken, and Byrd had sixty days after rendition of the order dismissing the appeal within which to file her rule 3.800(c) motion. The appeal was dismissed on July 14, 2005, and the motion was filed on July 25, 2005. Thus, the motion was timely.
Although an order entered on a rule 3.800(c) motion to reduce or modify a sentence is not appealable, it is subject to review in an extraordinary case under this court's certiorari jurisdiction. Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996). Such review extends to orders of dismissal entered upon an erroneous determination that the motion was untimely filed as in the present case. See Seward v. State, 912 So.2d 389 (Fla. 2d DCA 2005).
Accordingly, we quash the order that dismissed Byrd's motion as untimely and remand to the circuit court for its consideration of the motion on the merits.
Petition granted.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] We note that the circuit court's mistake is understandable. The dismissal of the appeal occurred at a very early stage in the appellate process, and at least one item contained in the record might have suggested that the dismissal related to only one of the cases appealed rather than both of the cases.