950 So.2d 1255 (2007)
Ronald C. CUNNIFF, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-3651.
District Court of Appeal of Florida, Second District.
March 16, 2007.
*1256 Ronald C. Cunniff, pro se.
Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Respondent.
SILBERMAN, Judge.
Ronald Cunniff petitions for certiorari review of an order dismissing as untimely his motion for mitigation of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). We have jurisdiction to review the order. See Byrd v. State, 920 So.2d 825, 826 (Fla. 2d DCA 2006); Seward v. State, 912 So.2d 389, 390 (Fla. 2d DCA 2005). Because the trial court departed from the essential requirements of law in dismissing the motion, we grant the petition, quash the trial court's order, and remand for the trial court to consider the motion on its merits.
In April 2006, this court affirmed Cunniff's direct appeal from his conviction and sentence. See Cunniff v. State, 928 So.2d 344 (Fla. 2d DCA 2006) (table). The trial court received our mandate on May 12, 2006. Cunniff filed his motion to mitigate on July 2, 2006, the date on which he placed the motion in the hands of prison officials for mailing. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (adopting the mailbox rule which provides that a document filed by a prison inmate is deemed filed with the court at the moment the inmate loses control over the document by entrusting delivery or processing to prison officials); Thompson v. State, 761 So.2d 324, 326 (Fla.2000) (citing Haag); Westley v. State, 903 So.2d 312, 313 (Fla. 2d DCA 2005) (citing Haag and Thompson). Under rule 3.800(c), the court had sixty days, or until July 11, 2006, in which to reduce or modify Cunniff's sentence. Thus, Cunniff timely filed his motion nine days before the expiration of the sixty-day modification period.[1]
On July 21, 2006, the trial court dismissed Cunniff's motion for lack of jurisdiction, stating that Cunniff "filed his motion close to the expiration of said time frame, which has since expired." The court cited Brantley v. Holloway, 685 So.2d 31 (Fla. 2d DCA 1996), in support of its dismissal order.
In Brantley, the defendant allegedly mailed his motion for reduction of sentence four days before the sixty-day period expired, and the trial court received the motion on the last day that it could be timely filed. The trial court denied the motion, finding that it was not timely. Brantley filed a petition for writ of mandamus, challenging the dismissal of his motion. This court recognized that Brantley had filed the motion before the sixty-day period expired but concluded that Brantley was not entitled to relief. We explained that "[b]y waiting until the last moment to mail his motion, Mr. Brantley never gave the trial court a meaningful opportunity to rule on his motion within the allotted jurisdictional time." Id. at 32. Further, "Mr. Brantley filed his motion knowing that the trial court would have virtually no time to consider it and did not request an enlargement of time pursuant to rule 3.050." Id. We acknowledged that a trial court may *1257 enlarge the time in which it could consider a timely filed motion to mitigate sentence, citing to Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996). But we added that "Moya does not apply when the loss of jurisdiction is caused by the defendant's delay in either filing a timely motion or a proper motion for enlargement of time." 685 So.2d at 32.
Here, Cunniff is deemed to have filed his motion nine days prior to the expiration of the sixty-day period under rule 3.800(c), and the trial court received the motion six days prior to the expiration of the sixty-day period. Unlike the situation in Brantley, the trial court did not lose jurisdiction hours after actual receipt of the motion. Under these circumstances, the trial court should have either considered the motion on its merits or extended the time for considering the motion. Accordingly, we grant the petition, quash the order dismissing the motion as untimely, and remand for the trial court to consider the motion on its merits.
Petition granted.
SALCINES, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] The motion bears a stamp reflecting that the clerk of the court actually received the motion on July 5, 2006, six days before expiration of the sixty-day time period.