VILLANTI, Judge.
Richard Charles Shafer petitions for certiorari review of an order dismissing his motion for mitigation of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). We have jurisdiction to review the order. See Cunniff v. State, 950 So.2d 1255, 1256 (Fla. 2d DCA 2007); Byrd v. State, 920 So.2d 825, 826 (Fla. 2d DCA 2006). The State rightfully concedes that this case warrants certiorari relief. We agree and grant Mr. Shafer’s petition.
Mr. Shafer was sentenced on December 20, 2006.[1] He filed his rule 3.800(c) motion on February 9, 2007. Under rule 3.800(c), the trial court had sixty days, or until February 20, 2007,[2] to modify Mr. Shafer’s sentence. Thus, Mr. Shafer filed his motion eleven days before the expiration of the sixty-day modification period.
On February 27, 2007, the trial court, relying on State v. Woodard, 866 So.2d 120 (Fla. 4th DCA 2004), dismissed Mr. Shafer’s motion, concluding that it “lost jurisdiction to rule on the motion on February 18, 2007.” The court explained, “As this court no longer has jurisdiction to rule on it, the instant motion must be dismissed.” Although the trial court did not have the benefit of our opinion at the time, we have since ruled otherwise. See Cunniff, 950 So.2d at 1257. In Cunniff, we granted Mr. Cunniffs petition for writ of certiorari, holding that “the trial court should have either considered the motion on its merits or extended the time for considering the motion” when Mr. Cunniffs motion for mitigation of sentence was filed nine days before the expiration of the sixty-day modification period. Id. Because Mr. Shafer’s motion was filed eleven days before the expiration, Cunniff controls, and the trial court should have considered the merits of Mr. Shafer’s motion or extended the time to do so.
*1271 Because the trial court departed from the essential requirements of law, we grant Mr. Shafer’s petition, quash the trial court’s order, and remand for the trial court to consider the merits of the motion.
Petition for writ of certiorari is granted.
DAVIS, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. In its order dismissing Mr. Shafer's motion, the trial court found that it lost jurisdiction to decide the motion on February 18, 2007. Because rule 3.800(c) permits only sixty days to modify a sentence, we presume that Mr. Shafer was sentenced on December 20, 2006— sixty days before February 18, 2007. This is also consistent with Mr. Shafer's assertion in his rule 3.800(c) motion that he was sentenced on December 20, 2006.

. February 18, 2007, was a Sunday, and February 19, 2007, was a legal holiday (Washington's Birthday); therefore, the sixty-day expiration was extended to February 20, 2007. See Fla. R.Crim. P. 3.040.