961 So.2d 1099 (2007)
Walter McCORMICK, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-0587.
District Court of Appeal of Florida, Second District.
August 1, 2007.
*1100 Walter McCormick, pro se.
Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Respondent.
FULMER, Judge.
Walter McCormick petitions for certiorari review of an order dismissing as untimely his motion to mitigate or reduce sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). We have jurisdiction. See Cunniff v. State, 950 So.2d 1255, 1256 (Fla. 2d DCA 2007). Because the trial court departed from the essential requirements of law in dismissing the motion, we grant the petition, quash the trial court's order, and remand for the trial court to consider the motion on its merits.
The only documents attached to McCormick's petition are his motion and the trial court's order. The order states that McCormick pleaded guilty to twelve counts of possession of child pornography and that the court sentenced him to 44.5 months in prison on count 1 followed by sex offender probation on the other counts.[1] The trial court dismissed the motion for lack of jurisdictionspecifically, on the ground that the court did not have an opportunity to rule within the time limit provided for in rule 3.800(c).
Rule 3.800(c) reads in pertinent part:
Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition. . . .
The trial court loses jurisdiction to consider the motion once the sixty-day period expires. State v. Woodard, 866 So.2d 120, 121 (Fla. 4th DCA 2004).
McCormick was sentenced on November 9, 2006, according to the trial court's order. McCormick placed his motion in the prison mail on January 2, 2007, *1101 or Day 54. According to the trial court's order, the motion was filed in circuit court on January 5, or Day 57. The court dismissed the motion on January 12, or Day 64.
The trial court cited to Brantley v. Holloway, 685 So.2d 31 (Fla. 2d DCA 1996), to justify the dismissal. There, defendant Brantley placed his motion to reduce sentence in the prison mail on Day 56. It arrived at the court on Day 61; however, because Day 60 was a Sunday, the motion could have been considered as arriving on Day 60. See Fla. R.Crim. P. 3.040 (requiring that if the last day of a prescribed time period over seven days in length is a Saturday, Sunday, or holiday, the time period runs until the first day that is not one of these days). The trial court denied the motion, and we affirmed because of Brantley's "unexplained delay in filing the motion." Brantley, 685 So.2d at 31 (emphasis added). We wrote:
By waiting until the last moment to mail his motion, Mr. Brantley never gave the trial court a meaningful opportunity to rule on his motion within the allotted jurisdictional time.
. . . [Additionally, Mr. Brantley] did not request an enlargement of time pursuant to rule 3.050.
Id. at 32.
More recently, however, we ruled in a petitioner's favor in a situation similar to McCormick's. In Cunniff, the movant mailed his rule 3.800(c) motion from prison on Day 51, and the document was filed in court on Day 54. 950 So.2d at 1256. Waiting until Day 61, the trial court dismissed the motion for lack of jurisdiction, citing to Brantley. In response to Cunniff's petition, we relied on the mailbox rule adopted in Haag v. State, 591 So.2d 614, 617 (Fla.1992), which deemed the time of filing to be the point in time at which a pro se prisoner entrusts the document to prison officials for delivery. Cunniff, 950 So.2d at 1256. As such, Cunniff's motion was filed nine days before the end of the sixty-day period, and the court in practical terms had six days to review the motion. We distinguished the situation in Brantley, in which the court lost jurisdiction "hours after actual receipt of the motion." Cunniff, 950 So.2d at 1257. We concluded: "Under these circumstances, the trial court should have either considered the motion on its merits or extended the time for considering the motion." Id. We quashed the trial court's order and remanded for consideration on the merits. Id.
Based on the mailbox rule of Haag, McCormick's motion was filed six days before the expiration of the sixty-day period. In practical terms the court had three days to resolve the motion. Although three days is a relatively brief span of time and although we acknowledge that trial judges are extremely busy, it seems apparent to us that the merits of McCormick's simple 1½-page motion[2] could have been resolved within a three-day period. Furthermore, unlike in Brantley, in which the delay in filing was "unexplained," McCormick made at least a prima facie statement of his reasons for the delay: being in transport with the Department of Corrections (forty days) and his inability to immediately access the prison law library (eleven days). Cf. Daniels v. State, 892 So.2d 526 (Fla. 1st DCA 2004) (trial court should not have denied motion for enlargement of time when ground was movant's need to schedule time in prison library and *1102 obtain assistance of inmate law clerk). Finally, both Brantley and Cunniff allow for the court to sua sponte extend the time for considering the motion, without the need for the defendant to file a motion for enlargement of time under rule 3.050. See also Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996) (during the 60-day period, the trial court "had jurisdiction to determine whether it should enlarge time under the[] circumstances to review the timely-filed motion"). As already noted, in Cunniff, we concluded that the court should have either considered the motion or extended the time needed to consider the motion.
Because the trial court could have resolved McCormick's motion in three days or, if this had been impossible, had sufficient time to extend the period for consideration, we follow Cunniff and grant McCormick's petition, quash the trial court's order, and remand for the trial court to consider the motion on its merits.
CASANUEVA and CANADY, JJ., Concur.
NOTES
[1] We assume that McCormick's plea was open. If it was a bargained plea, McCormick would not be able to use a rule 3.800(c) motion to avoid the burden he agreed to. See State v. Brooks, 890 So.2d 503, 505 (Fla. 2d DCA 2005).
[2] The gist of the motion is that McCormick had no prior criminal record, was remorseful, had been cooperative with law enforcement, and was "not a bad person, just a stupid one."