972 So.2d 307 (2008)
Roderick CHILDERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-5790.
District Court of Appeal of Florida, Second District.
January 25, 2008.
*308 Roderick Childers, pro se.
Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Roderick Childers seeks a writ of certiorari to quash the order that denied his motion for enlargement of time and dismissed his motion for modification of sentence. We grant the petition.
In 2004, Childers was convicted of robbery, and he was sentenced to thirty years in prison as a habitual violent felony offender with a ten-year minimum mandatory term. His direct appeal was affirmed. Childers v. State, 932 So.2d 1111 (Fla. 2d DCA 2006) (table decision). The appellate mandate issued on June 30, 2006, and it was received by the circuit court clerk on July 3, 2006. On August 17, 2006, Childers filed a motion for modification of sentence under Florida Rule of Criminal Procedure 3.800(c). See Haag v. State, 591 So.2d 614 (Fla.1992) (applying mailbox rule to determine filing date for inmate pleadings). As an initial matter, we note that the court lacked authority to modify the minimum mandatory term, but it could consider modifying the remaining portion of the sentence. See Fla. R.Crim. P. 3.800(c) ("This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion."); see also State v. Paulin, 696 So.2d 425 (Fla. 2d DCA 1997) (finding no authority for circuit court to modify minimum mandatory portion of sentences but separately considering court's ruling on portion of sentences in excess of minimum mandatory terms).
Rule 3.800(c) contains strict time limits that require a ruling during one of several sixty-day windows. In Childers' case, the rule required a ruling within sixty days after the circuit court clerk received the appellate mandate. But under Florida Rule of Criminal Procedure 3.050, a circuit court may extend the time for ruling on these motions. Abreu v. State, 660 So.2d 703 (Fla.1995) (noting that court, either on motion or sua sponte, may enlarge time to rule on 3.800(c) motion). For this reason, when moving to modify his sentence Childers also filed a motion for enlargement of time in case the circuit court was unable to rule on his modification request before the sixty-day period expired. Almost three months later, the circuit court ruled on the motions. It denied the motion for enlargement of time and dismissed the motion for modification of sentence, concluding that the sixty-day period allowed under rule 3.800(c) had expired.
This court has granted relief under very similar facts. For example, in Cunniff v. State, 950 So.2d 1255 (Fla. 2d DCA 2007), we quashed an order that dismissed a motion as untimely although there were nine days remaining in the window when the motion was filed. By contrast, Childers filed his motion with fifteen days remaining, *309 and he included a motion for enlargement of time. As in Cunniff, "[u]nder these circumstances, the trial court should have either considered the motion on its merits or extended the time for considering the motion." Id. at 1257; see also McCormick v. State, 961 So.2d 1099 (Fla. 2d DCA 2007) (granting relief from dismissal of rule 3.800(c) motion where court had three days to rule before time expired). Accordingly, we quash the order dismissing Childers' motion.
We are not persuaded by the State's argument that Childers must bear responsibility for the court's failure to timely rule on the merits because he failed to set the motions for a hearing. In rejecting this argument, we certify conflict with the line of cases from the Fourth District, which has added a requirement for inmates to schedule hearings on rule 3.800(c) motions. In Grosse v. State, 511 So.2d 688 (Fla. 4th DCA 1987), the court affirmed the denial of a timely filed motion for reduction of sentence when no hearing was scheduled and no action was taken within the sixty-day window. The court posited that the pro se inmate had a duty to schedule a hearing under Florida Rule of Criminal Procedure 3.060. See also State v. Woodard, 866 So.2d 120, 121 (Fla. 4th DCA 2004) ("It is the sole responsibility of the movant to see that the motion is scheduled for a hearing within the window period."); Hussey v. State, 739 So.2d 123 (Fla. 4th DCA 1999); cf. State v. Grandstaff, 927 So.2d 1035 (Fla. 4th DCA) (affirming order modifying sentence when motion was timely filed, inmate was diligent in seeking a hearing, but hearing was held after sixty-day window through no fault of inmate; certifying question of great public importance), review denied, 935 So.2d 1220 (Fla. 2006). We find nothing in the rules of criminal procedure that requires a hearing on a rule 3.800(c) motion, and we would expect that courts routinely rule on these motions without hearings. Accordingly, we grant the petition, quash the order on review, and certify conflict with Grosse and its progeny.
Having disposed of the instant case, we pause to address one additional matter. As previously stated, the rule provides that a court may consider a motion to modify sentence within sixty days of certain events. Unlike Florida Rule of Criminal Procedure 3.850, which contains a time limit for the defendant's filing of the motion but not for the court's disposition, rule 3.800(c) requires the court to rule within the applicable sixty-day window. See Abreu, 660 So.2d 703. The supreme court has explained the time limit as a matter of respect for the separation of powers. "Under our tripartite system of government there must come a time when the judiciary's power to reduce a lawful sentence ends and vests in the executive department." Id. at 704. Be that as it may, the current state of the law is effectively extending the life of these motions, resulting in more delay rather than less.
A rule 3.800(c) motion is directed to a circuit court's absolute discretion, and the court's ruling cannot be appealed. Arnold v. State, 621 So.2d 503 (Fla. 5th DCA 1993). But it is subject to certiorari review "in an extraordinary case." Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996). When the issue is whether a motion to modify a sentence should have been dismissed as untimely, however, the extraordinary has become ordinary. Appellate courts are routinely called upon to determine whether the motions should have been dismissed. Most of these review proceedings, and the delay occasioned by them, could be eliminated by amending the rule to provide that the motion must be filed within a stated period and the circuit court must determine the motion *310 within a reasonable time. See Wilson v. Salamon, 923 So.2d 363, 367 (Fla.2005) (adopting interpretation of civil procedure rule to decrease litigation over rule's purpose and foster smooth administration of trial court's docket).
Petition granted; order quashed; conflict certified; remanded.
LaROSE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.