DAVIS, Judge.
 

 Cyrenthia Powell challenges, through a petition for writ of certiorari, the dismissal of her motion for correction, reduction, and modification of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). Based on the State’s proper concession of error and because the postcon-viction court erred by dismissing her motion as untimely, wé grant the petition.
 

 Powell was originally sentenced on June 15, 2007, to five years’ incarceration for violating the probation she was serving for a possession of cocaine conviction. This court affirmed her sentence on direct appeal,
 
 see Powell v. State,
 
 986 So.2d 610 (Fla. 2d DCA 2008) (table decision), and the mandate issued on July 31, 2008. On September 5, 2008, she filed her pro se motion for reduction of sentence pursuant to rule 3.800(e). The postconviction court dismissed the motion as untimely.
 

 Pursuant to the rule, a defendant may file a rule 3.800(c) motion within sixty days from the imposition of the legal sentence or within sixty days from the receipt by the circuit court of a mandate affirming the sentence or an order dismissing the appeal. Since the mandate affirming Powell’s direct appeal was issued on July 31, 2008, and her rule 3.800(c) motion was received by the postconviction court on September 5, 2008, within sixty days of the issuance of the mandate affirming her direct appeal, Powell’s motion was timely.
 

 It appears from the order of dismissal that the postconviction court erroneously believed that Powell had not filed a direct
 
 *733
 
 appeal of her revocation of probation and the resulting sentence. Because of this error, the postconviction court concluded that the motion was untimely as filed outside the sixty-day limit from the date of Powell’s sentence. However, because Powell did file a direct appeal, the time for the filing of the motion was extended and her motion was timely.
 
 See Byrd v. State,
 
 920 So.2d 825, 826 (Fla. 2d DCA 2006). Accordingly, we grant the petition for writ of certiorari, quash the postconviction court’s order, and remand for the court to consider Powell’s rule 3.800(c) motion on its merits.
 

 Petition granted.
 

 SILBERMAN, and CRENSHAW, JJ., Concur.