McCANN, JAMES W., Associate Judge.
 

 On April 14, 2008, the Appellant, Casey Reeves, entered into a negotiated plea bargain with the State which was accepted by the court. The Appellant was immediately adjudicated and sentenced to five years in the Department of Corrections, with the agreement that he would be furloughed until the mitigation hearing. If he timely appeared at the mitigation hearing without any new law violations, his sentence would be reduced to a year and one day in the Department of Corrections. For reasons not germane to this appeal, the actual mitigation hearing did not occur until November 13, 2008, at which time the court found that the Appellant had a new law violation, and denied the Motion to Mitigate.
 

 Since the State, the defendant and the court agreed at the time of the Change of Plea, Judgment and Sentence, that the defendant would be entitled to a mitigation of sentence hearing sixty-three days after the date sentence was imposed, we treat that as a stipulated motion and order, pursuant to Rule 3.050, Fla. R.Crim. P., to enlarge the sixty day time limit to file and hear a Rule 3.800(c) motion to mitigate sentence. The sixty day time limit would otherwise be jurisdictional.
 
 See State v. Woodard,
 
 866 So.2d 120 (Fla. 4th DCA 2004);
 
 Seeber v. State,
 
 956 So.2d 1240 (Fla. 4th DCA 2007).
 

 However, this does not result in an enlargement of time to file a notice of appeal of an alleged violation of the plea agreement pursuant to Rule 3.170(1), Fla. R.Crim. P., and Rule 9.140(b)(2)(A)(ii)(b). A notice of appeal on such grounds was required to be filed within thirty days of the Judgment and Sentence.
 
 [1]
 

 The plea agreement entered into by the Defendant, the State and the court resulted in an immediate adjudication and sentence to five years in the Department of Corrections with a contemplated furlough of sixty-three days, at which time the Appellant would turn himself in to the trial court; and, if there were no new law violations, his sentence would be mitigated to one year and one day in the Department of Corrections. Unlike the more
 
 common
 
 plea agreement whereby the plea is entered and accepted by the court, followed by an agreed upon postponed sentencing date (with the term of sentence conditioned on the defendant timely appearing for sentencing without any new law violations), the method employed in this case by the State, Appellant and the court resulted in all applicable time periods beginning to run on the date of sentencing, including, but not limited to, the thirty day time period to file a notice of appeal.
 

 We are compelled to treat this case in the posture that it comes to us. Both the Notice of Appeal and the Statement of Judicial Acts to be Reviewed reflect that this court is to review the trial court’s Denial of the Defendant’s Motion to Mitigate Judgment of Conviction and Sentence. It is well settled that an order denying a motion to mitigate a judgment and sentence pursuant to Rule 3.800(c), Fla. R.Crim. P., is a non-appealable order.
 
 Howard v. State,
 
 914 So.2d 455 (Fla. 4th
 
 *1265
 
 DCA 2005);
 
 Brovm v. State,
 
 954 So.2d 1253 (Fla. 4th DCA 2007);
 
 Oser v. State,
 
 699 So.2d 844 (Fla. 4th DCA 1997).
 

 Accordingly, we sua sponte dismiss the appeal.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . Judgment and Sentence was entered in this cause on April 14, 2008. An amended Notice of Appeal of the "Denial of Defendant’s Motion to Mitigate Judgment of Conviction and Sentence” was filed on December 8, 2008. The defendant may still seek review of the perceived errors alleged on this appeal pursuant to a timely filed motion pursuant to Rule 3.850, Fla.R.Crim.P.