MORRIS, Judge.
 

 Phillip Casciola appeals an order wherein the trial court — as an extension of its denial of Mr. Casciola’s motion to mitigate sentence — refused to return a $90,000 check that Mr. Casciola tendered at the hearing on the motion to mitigate sentence. The check was presented to the court as a partial payment on previously ordered restitution owed to victims in this case.
 

 An order denying a motion to mitigate sentence is not an appealable order.
 
 See Moya v. State,
 
 668 So.2d 279, 280 (Fla. 2d DCA 1996);
 
 Mann v. State,
 
 26 So.3d 664, 664 (Fla. 3d DCA 2010);
 
 Muller v. State,
 
 938 So.2d 609, 609 (Fla. 1st DCA 2006). Although this court could exercise its certiorari jurisdiction,
 
 cf. Moya,
 
 668 So.2d at 280, we decline to do so because the facts of this case, which are briefly discussed below, do not justify such treatment.
 

 In 2007, Mr. Casciola pleaded guilty in two separate cases to scheming to defraud and fraud. Although Mr. Casciola proposed that he would pay $500,000 in restitution prior to sentencing in return for a sentence of community control and probation, he ultimately did not do so. As a result, he was sentenced to twelve years in prison followed by ten years’ probation. He was also ordered to pay $500,000 in restitution. His direct appeal of his judgments and sentences was affirmed by this court.
 
 See Casciola v. State,
 
 11 So.3d 946 (Fla. 2d DCA 2008) (table decision).
 

 Shortly after the mandate issued, Mr. Casciola filed his motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Therein, Mr. Casciola offered “to pay $85,000 prior to any reduction in sentence.” At the hearing on the motion, Mr. Casciola’s attorney presented a $90,000 check to the trial court, telling the court that “we didn’t come empty handed” and that the victims “have all indicated a willingness to receive restitution.” Although there is no copy of the check in the record before this court, there is no dispute that it was a cashier’s check rather than a personal check from Mr. Casciola.
 

 Mr. Casciola’s wife first told the trial court that the money came from “people that lent us money.” She subsequently explained that “each of us” contributed money, which appears to be a reference to the family members in attendance at the hearing.
 

 We also note that after Mr. Casciola filed his notice of appeal, his daughter — an attorney — filed a motion to intervene in the criminal case claiming that the $90,000 had come from her bank account. The motion to intervene was denied, and it does not appear that the daughter ever appealed that order.
 

 The persons who might have a legal or equitable interest in the money, i.e., the persons who are aggrieved, have not elected to pursue the matter. There is simply
 
 *349
 
 nothing in the record before this court that indicates that any of the money came from Mr. Casciola or from sources upon which his creditors could levy. Consequently, Mr. Casciola does not have standing to challenge the trial court’s retention of the check.
 

 Dismissed.
 

 ALTENBERND and CRENSHAW, JJ., Concur.