MORRIS, Judge.
 

 Matthew Kwapil seeks certiorari review of a circuit court order dismissing as untimely his motion to mitigate sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(c). We conclude that the circuit court should have considered the merits of Kwapil’s motion because it was timely filed under the mailbox rule.
 

 Rule 3.800(c) provides that where no direct appeal has been filed, a court “may reduce or modify ... a legal sentence imposed by it within [sixty] days after the imposition.” Kwapil was sentenced on October 29, 2009, and no direct appeal was filed. The sixty-day time period under rule 3.800(c) expired on December 28, 2009. Kwapil provided his rule 3.800(c) motion to prison officials on December 24, 2009, but the circuit court did not receive the motion until December 31, 2009. The
 
 *230
 
 circuit court dismissed the motion as untimely, citing
 
 Brantley v. Holloway,
 
 685 So.2d 81 (Fla. 2d DCA 1996), and stating that the sixty-day time period under rule 8.800(c) is jurisdictional; jurisdiction had been lost by the time the motion was received by the court, and no motion for extension had been made.
 

 A circuit court order dismissing a rule 3.800(c) motion as untimely may be reviewed by petition for writ of certiorari in the district court.
 
 Velazquez v. State,
 
 917 So.2d 306, 306 (Fla. 2d DCA 2005). A circuit court departs from the essential requirements of the law when it dismisses a timely rule 3.800(c) motion without considering the merits of the motion.
 
 See, e.g., Lancaster v. State,
 
 821 So.2d 416, 417 (Fla. 2d DCA 2002);
 
 Atkins v. State,
 
 851 So.2d 829, 829 (Fla. 1st DCA 2003). This court has applied the mailbox rule to rule 3.800(c) motions and has considered those motions filed when provided to prison officials.
 
 See Childers v. State,
 
 972 So.2d 307, 308 (Fla.2d DCA 2008);
 
 McCormick v. State,
 
 961 So.2d 1099, 1101 (Fla. 2d DCA 2007);
 
 Cunniff v. State,
 
 950 So.2d 1255, 1256 (Fla. 2d DCA 2007). The First District has also applied the mailbox rule to a rule 3.800(c) motion.
 
 See Atkins,
 
 851 So.2d at 829.
 

 We recognize that in
 
 Brantley,
 
 685 So.2d at 32, this court declined to decide whether the mailbox rule applied to the filing of a motion to reduce sentence. However, since
 
 Brantley,
 
 this court has applied the mailbox rule to the filing of such motions.
 
 See Childers,
 
 972 So.2d at 308;
 
 McCormick,
 
 961 So.2d at 1101;
 
 Cunniff,
 
 950 So.2d at 1256. And the supreme court has rejected the argument that rule 3.800(c) is jurisdictional.
 
 See Schlabach v. State,
 
 37 So.3d 230, 237 (Fla.2010) (“The position that the sixty-day time limit is jurisdictional is ... contrary to this Court’s decision in
 
 Abren [v. State,
 
 660 So.2d 703 (Fla.1995) ].”). “[A] trial court does not lose jurisdiction to modify a sentence when the motion is filed within the sixty-day time period as long as the trial court rules on the motion within a reasonable time.”
 
 Id.
 
 at 239. Because Kwapil provided his rule 3.800(c) motion to prison officials before the sixty days expired, it was timely filed under the mailbox rule.
 
 See Haag v. State,
 
 591 So.2d 614, 617 (Fla.1992). The circuit court departed from the essential requirements of the law in failing to consider the timely filed motion on its merits. Accordingly, we grant Kwapil’s petition, quash the order of dismissal, and remand for the circuit court to consider the merits of Kwapil’s rule 3.800(c) motion. Petition granted; order quashed; remanded.
 

 DAVIS and CRENSHAW, JJ., Concur.