SLEET, Judge.
Giannetta Bailey seeks certiorari review of a circuit court order dismissing as untimely her motion to reduce or modify sentence filed under Florida Rule of Criminal Procedure 3.800(c). Because the circuit court departed from the essential requirements of law in dismissing Ms. Bailey’s motion as untimely, we grant the petition, quash the circuit court’s order, and remand for consideration of Ms. Bailey’s motion on its merits.
Rule 3.800(c) provides that “[a] court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within [sixty] days after the imposition.” Ms. Bailey’s sentence was entered on January 3, 2013. Accordingly, Ms. Bailey’s sixty-day time period in which to file her rule 3.800(c) motion expired on March 4, 2013. Ms. Bailey’s motion reflects that it was placed in the hands of prison officials on March 3, 2013. The circuit court did not receive the motion, however, until March 6, 2013. As *616 a result, the circuit court dismissed the motion, concluding that it was filed after the sixty-day time limit imposed under rule 3.800(c).
An order dismissing a rule 3.800 motion as untimely is reviewable under this court’s certiorari jurisdiction. See Velazquez v. State, 917 So.2d 306, 306 (Fla. 2d DCA 2005). “A circuit court departs from the essential requirements of the law when it dismisses a timely rule 3.800(c) motion without considering the merits of the motion.” Kwapil v. State, 44 So.3d 229, 230 (Fla. 2d DCA 2010).
The mailbox rule applies to motions filed in accordance with rule 3.800(c). See id.; see also Childers v. State, 972 So.2d 307, 308 (Fla. 2d DCA 2008). Thus, a rule 3.800(c) motion is considered filed when entrusted to prison officials for further delivery or processing. See Lawson v. State, 107 So.3d 1228, 1229 (Fla. 2d DCA 2013).
Because Ms. Bailey delivered her rule 3.800(c) motion to prison officials before the sixty-day period expired, it was timely filed under the mailbox rule. Kwapil, 44 So.3d at 230. Ergo, the circuit court departed from the essential requirements of the law in failing to consider the timely filed motion on its merits.[1] Thus, we grant Ms. Bailey’s petition, quash the circuit court’s order dismissing her motion as untimely, and remand for the circuit court to consider Ms. Bailey’s rule 3.800(c) motion on its merits.
Petition granted; order quashed; remanded.
NORTHCUTT and VILLANTI, JJ., Concur.

. The State concedes that Ms. Bailey’s motion was timely filed under the mailbox rule.