NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALYSSA CONRAD,                          )
                                        )
              Appellant,                )
                                        )
v.                                      )       Case No.  2D14-1015
                                        )
STATE OF FLORIDA,                       )
                                        )
              Appellee.                 )
_____)

Opinion filed October 1, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Thomas Krug, Judge.


WALLACE, Judge.

          Alyssa Conrad appeals the order dismissing her motion to reduce or

modify sentence filed under Florida Rule of Criminal Procedure 3.800(c) as untimely.

Because such an order is not appealable, we treat the appeal as a petition for writ of

certiorari, and we grant the petition.  See Bailey v. State, 136 So. 3d 615, 616 (Fla. 2d

DCA 2013).

          The law is well settled that a circuit court departs from the essential

requirements of law when it dismisses a timely rule 3.800(c) motion without considering

the merits of the motion.  See, e.g., id. at 616; Kwapil v. State, 44 So. 3d 229, 230 (Fla.

2d DCA 2010); <u>McPherson v. State</u>, 139 So. 3d 478, 479 (Fla. 1st DCA 2014). As the sixtieth day following the imposition of her sentence was Saturday, August 24, 2013, Conrad's motion was timely filed when she placed it in the hands of prison officials on Monday, August 26, 2013. <u>See</u> Fla. R. Jud. Admin. 2.514(a)(1)(C) (providing that when the last day of a computational period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday); <u>Bailey</u>, 136 So. 3d at 616 ("The mailbox rule applies to motions filed in accordance with rule 3.800(c). Thus, a rule 3.800(c) motion is considered filed when entrusted to prison officials for further delivery or processing." (citations omitted)).

Therefore, we grant the petition, quash the circuit court order dismissing her motion as untimely, and remand for the court to consider Conrad's motion on its merits.

Petition granted; order quashed; remanded.

MORRIS and SLEET, JJ., Concur.