NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEBORAH TERRERO,                          )
                                          )
            Petitioner,                   )
                                          )
v.                                        )         Case No.  2D14-5294
                                          )
STATE OF FLORIDA,                         )
                                          )
            Respondent.                   )
_____ )

Opinion filed November 13, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Pasco County; William R. Webb,
Judge.

Deborah Terrero, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch, Assistant
Attorney General, Tampa, for Respondent.


LaROSE, Judge.

            Deborah Terrero seeks certiorari review of the trial court's order denying,

as untimely, her motion to reduce or mitigate sentence.  See Fla. R. Crim. P. 3.800(c).

We have jurisdiction.  See Kwapil v. State, 44 So. 3d 229, 230 (Fla. 2d DCA 2010) ("A

circuit court order dismissing a rule 3.800(c) motion as untimely may be reviewed by

petition for certiorari in the district court.").

As the State properly concedes, Ms. Terrero timely filed her Florida Rule of Criminal Procedure 3.800(c) motion on July 28, 2014, within sixty days of her voluntary dismissal of her direct appeal. See Fla. R. Crim. P. 3.800(c). Nevertheless, the trial court dismissed her motion to mitigate, stating that "[b]ecause more than 60 days has elapsed since the receipt of a certified copy of an order of the appellate court, the Court does not have jurisdiction to reduce or modify sentence." In fact, the trial court had until September 26, 2014, and a reasonable time thereafter, to rule on the motion.

The prevailing authority explains that "[a] trial court does not lose jurisdiction to modify a sentence when the motion is filed within the sixty-day time period as long as the trial court rules on the motion within a reasonable time." Kwapil, 44 So. 3d at 230 (quoting Schlabach v. State, 37 So. 3d 230, 239 (Fla. 2010) (holding that a trial court does not lose jurisdiction solely because no hearing was scheduled and no order was entered within the sixty-day time period)).

Accordingly, we grant the petition, quash the trial court's dismissal order, and remand for the trial court to address the merits of Ms. Terrero's rule 3.800(c) motion.

KHOUZAM and BLACK, JJ., Concur.