# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1356
Lower Tribunal No. 16-7234A
_____

**Dawn Kirkconnell,**

Appellant,

vs.

**The State of Florida,**

Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Dawn Kirkconnell, in proper person.

Ashley Moody, Attorney General, for appellee.

Before FERNANDEZ, HENDON, and LOBREE, JJ.

HENDON, J.

Dawn Kirkconnell appeals from the trial court's denial of her motion to reduce or modify her sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Rule 3.800(c) provides that, where no direct appeal has been filed, "[a] court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within [sixty] days after the imposition." Ms. Kirkconnell's sentence was entered on February 12, 2020, and by the time Ms. Kirkconnell filed her rule 3.800(c) motion on June 16, 2020, the sixty-day time period in which to file had expired. The trial court accordingly denied her 3.800(c) motion to mitigate because it was untimely filed more than sixty days after imposition of sentence.

"[T]he sixty-day requirement of Rule 3.800(c) is jurisdictional," and "[t]he trial court properly denie[s] [a defendant's] motion as untimely [where] it was filed more than sixty days from the date his sentence was imposed." Hernandez v. State, 109 So. 3d 865, 865 (Fla. 3d DCA 2013); Berki v. State, 298 So. 3d 1169 (Fla. 3d DCA 2020) (dismissing the appeal, as the lower tribunal's order denying, on the merits, a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence is not an appealable order) (citations omitted). However, a circuit court order dismissing a rule 3.800(c) motion as untimely may be reviewed by petition for writ of certiorari in the district court. Kwapil v. State, 44 So. 3d 229, 230 (Fla. 2d DCA 2010); Velazquez v. State, 917 So. 2d 306, 306 (Fla. 2d DCA 2005). Because the

trial court did not deny Kirkconnell's petition on the merits, we treat the appeal as a petition for certiorari, and deny the same. See Montesino v. State, 231 So. 3d 514 (Fla. 3d DCA 2017); Hernandez v. State, 109 So. 3d 865 (Fla. 3d DCA 2013).

Petition denied.