DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES FOWLER,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D2025-2752

[February 25, 2026]

Petition for Writ of Certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter Holden, Judge; L.T. Case No. 19011424CF10A.

James Fowler, Moore Haven, pro se.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for respondent.

***ON CONFESSION OF ERROR***

PER CURIAM.

Defendant, James Fowler, appeals a trial court's order dismissing, as untimely, his second motion to mitigate his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). The State properly concedes error. We treat the appeal as a petition for certiorari,[1] grant the petition, and remand for consideration on the merits because Defendant's motion was timely filed.

Rule 3.800(c) provides:

A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, *or within 60 days after receipt by the court of a*

---

[1] *See Humphrey v. State*, 329 So. 3d 160, 161 (Fla. 4th DCA 2021).

> *mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal . . . .*

Fla. R. Crim. P. 3.800(c) (emphasis added).

Here, the mandate on direct appeal issued on April 29, 2025, and the record reflects that the trial court docketed the mandate on the same day. Defendant's motion was provided to prison officials on June 27, 2025, which was 59 days after the trial court received the mandate. Thus, the motion was timely, and the trial court departed from the essential requirements of law when it failed to consider the timely motion on its merits. *Kwapil v. State*, 44 So. 3d 229, 230 (Fla. 2d DCA 2010 ("Because Kwapil provided his rule 3.800(c) motion to prison officials before the sixty days expired, it was timely filed under the mailbox rule. The circuit court departed from the essential requirements of the law in failing to consider the timely filed motion on its merits.") (citing *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992)).

We therefore grant Defendant's petition, quash the order of dismissal, and remand for further proceedings as outlined above.

*Petition granted.*

KUNTZ, C.J., LEVINE, and KLINGENSMITH JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely-filed motion for rehearing.**