840 So.2d 1160 (2003)
Edwin William TIMMER, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-16.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
*1161 Edward S. Stafman of Edward S. Stafman, P.A., Tallahassee, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Respondent.
PALMER, J.
Edwin William Timmer petitions this court for a writ of certiorari contending that the trial court erred in refusing to conduct a hearing on his pending motion to reduce and modify his sentence. Concluding that Timmer is entitled to receive a hearing on his sentencing motion, we grant the petition.
Timmer pled guilty to fraud, deceit or misrepresentation in the operation of a cemetery and was sentenced a term of five years incarceration. On direct appeal, this court affirmed Timmer's conviction and sentence, and the mandate was issued on September 6, 2002. See Timmer v. State, 824 So.2d 264 (Fla. 5th DCA 2002).
On September 30, 2002, Timmer filed a rule 3.800(c) motion to reduce and modify his sentence.[1] However, he was unable to obtain a hearing date on his motion within 60 days of the filing date. Instead, Timmer received a hearing date of January 24, 2003. The prosecutor was notified of the hearing date on October 8, 2002. Two months later, on December 5, 2002, the trial court sua sponte entered an order denying Timmer's 3.800 motion based on lack of jurisdiction holding that, although the motion had been timely filed, no action was taken on the motion within 60 days as required by the rule. This decision was error.
Florida Rule of Criminal procedure 3.800(c) provides, in relevant part:
Rule 3.800 Correction, Reduction, and Modification of Sentences
* * *
Reduction and modification. A court may reduce or modify ... a legal sentence imposed by it ... within 60 days after receipt by the court of a mandate issued by the appellate court...
In Abreu v. State, 660 So.2d 703 (Fla. 1995), our supreme court held that, within a reasonable time period, a trial court possesses jurisdiction to grant a petitioner's motion for enlargement of time or to sua sponte enlarge the time for ruling on a timely filed 3.800 motion. No formal rule 3.050 motion for enlargement of time needs to be filed in order for a petitioner to be entitled to receive an enlargement of *1162 time, where the scheduling of the hearing beyond the 60-day period is beyond the petitioner's control. See State v. Paulino, 696 So.2d 425 (Fla. 2d DCA 1997). Thus, the trial court departed from the essential requirements of the law in denying Timmer's motion on jurisdictional grounds since the motion was timely filed and the failure to obtain a ruling on the motion within 60 days was the result of his inability to obtain a hearing with the court.
PETITION GRANTED.
SHARP, W. and PLEUS JJ., concur.
NOTES
[1] See Fla. R.Crim. P.3.800.