927 So.2d 1035 (2006)
STATE of Florida, Appellant,
v.
David GRANDSTAFF, Appellee.
No. 4D05-506.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellant.
No brief filed for appellee.
DONNER, AMY STEELE, Associate Judge.
The State of Florida appeals the trial judge's decision to mitigate Appellee's DUI sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). This Court treats such appeals as petitions for common-law writs of certiorari. See State v. Woodard, 866 So.2d 120, 121 (Fla. 4th DCA 2004); compare Fla. R.App. P. 9.100(c)(1), with Fla. R.App. P. 9.140(c). Because the trial court did not depart from the essential requirements of the law in mitigating Appellee's sentence, we deny the writ.
*1036 On November 2, 2004, Appellee, David Grandstaff, was found guilty of driving under the influence and sentenced to 364 days in jail. Grandstaff was ordered to attend an internal substance abuse program while incarcerated. If the substance abuse program was completed within six months, the judge stated that Grandstaff would be placed on six months of probation.
Grandstaff filed a motion to mitigate his sentence within the sixty-day period required. See Fla. R.Crim. P. 3.800(c). Hearing on the motion was delayed due to confusion on the part of the court administration regarding the assignment of the judge who would hear the motion. This delay caused the hearing to be held past the expiration of the sixty-day period. Grandstaff was not responsible for the hearing's delay.
The motion to mitigate was heard on January 12, 2005. Grandstaff presented several arguments in support of his motion. Grandstaff argued that due to the jail staff's inability to accommodate attendance in a substance abuse program, the staff was uncertain as to when the program could be started. As the intent of the trial judge was to ensure Grandstaff received treatment, the inability to participate in a substance abuse program was argued as grounds for sentence mitigation. Also, Grandstaff was unable to care for his developmentally-delayed sibling while incarcerated.
The trial judge granted Grandstaff's motion. The original sentence was vacated and the trial judge resentenced him to seventy-four days in jail with credit for seventy-four days. Grandstaff was additionally required to complete a drug program. The State seeks our review of this decision.
Florida Rule of Criminal Procedure 3.800(c) provides that a trial court may reduce or modify a sentence "within 60 days after the imposition[.]" This rule has been construed to require reduction or modification within the sixty-day period, irrespective of the timeliness of a motion. See Woodard, 866 So.2d at 121; Hussey v. State, 739 So.2d 123, 124 (Fla. 4th DCA 1999). However, those decisions are based on the defendant's own lack of diligence in ensuring that his or her motion is heard within the sixty-day period. Woodard, 866 So.2d at 121; Hussey, 739 So.2d at 124.
Here, Grandstaff timely filed his motion, and was diligent in seeking a hearing prior to the sixty-day deadline. Through no fault of his own, a hearing was not held until after the sixty-day period had already expired. Where the court itself is at fault for failing to timely consider motions before it, strict adherence to procedural niceties leads to an inequitable result. See Lackos v. State, 339 So.2d 217, 219 (Fla.1976) ("The modern trend in both criminal and civil proceedings is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial."). The equitable intent of the rules is to see that justice is done. Id.
Allowing Grandstaff's timely motion to be denied due to the trial court administration's inability to determine which judge should hear the motion results in an inequitable and unjust application of the Florida Rules of Criminal Procedure. Clearly, the trial court had jurisdiction to grant the motion when it was filed. The absence of a judge to act on the motion promptly was not the fault of Grandstaff. To find that jurisdiction was ultimately lost simply because no judge was available does not comport with the equitable intent of the Florida Rules of Criminal Procedure. Such a finding would deal an injustice to those *1037 who properly comply with the terms of the Rules, but are thwarted in obtaining relief due to circumstances beyond their control. The trial court acted within the essential requirements of the law in granting Grandstaff's motion. See Barnett Bank of S. Fla., N.A. v. Statewide Mortgage Corp., 464 So.2d 187, 188 (Fla. 4th DCA 1985).
We conclude that the issue presented by this appeal is one of great public importance and has a great effect on the proper administration of justice. Therefore, we certify the following question to the Florida Supreme Court for its discretionary review pursuant to Florida Rules of Appellate Procedure 9.030(a)(2)(A)(v) and 9.030(a)(2)(B):
Where defendant timely files a motion for reduction or modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), but, through no lack of diligence in obtaining a hearing date or no fault of his or her own, the hearing does not take place until after the expiration of the sixty-day period as provided in the Rule, is the Court divested of jurisdiction to consider and rule upon the timely filed motion?
Affirmed.
GUNTHER and FARMER, JJ., concur.