BARZEE FLORES, MARY, Associate Judge.
 

 On February 14, 2007, Schlabach was sentenced to five years imprisonment for a violation of probation. Fifty-four days later, Schlabach filed a motion to reduce or modify her sentence. On May 14, 2007, a notice of hearing was filed and on May 30, 2007, the trial court heard and granted the motion, terminating the balance of Schla-bach’s sentence.
 

 This court has adopted the view that where a motion to mitigate is timely filed, but no hearing is scheduled and no action is taken within sixty days after imposition of sentence, the trial court loses jurisdiction to do so.
 
 Hussey v. State,
 
 739 So.2d 123, 124 (Fla. 4th DCA 1999) (citing
 
 Grosse v. State,
 
 511 So.2d 688 (Fla. 4th DCA 1987);
 
 see also State v. Grandstaff,
 
 927 So.2d 1085, 1036 (Fla. 4th DCA 2006)) (“This rule has been construed to require reduction or modification within the sixty-day period, irrespective of the timeliness of a motion.”)
 

 Here, because no hearing was scheduled and no action was taken within the sixty day period, the trial court lacked jurisdiction to modify the sentence.
 

 We treat this as a petition for certiorari,
 
 State v. Blue,
 
 603 So.2d 648 (Fla. 5th DCA 1992), grant the petition, quash the order, and certify direct conflict with
 
 Childers v. State,
 
 972 So.2d 307 (Fla. 2d DCA 2008).
 

 FARMER and KLEIN, JJ., concur.