PARIENTE, J.
In this case, we review the decision of the Fourth District Court of Appeal in State v. Schlabach, 1 So.3d 1091 (Fla. 4th DCA 2009), based on certified direct conflict with the decision of the Second District Court of Appeal in Childers v. State, 972 So.2d 307 (Fla. 2d DCA 2008). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The issue is whether a trial court loses jurisdiction to modify a sentence when the motion is filed within the sixty-day period provided in Florida Rule of Criminal Procedure 3.800(c), but the trial court does not rule on the motion within that period. We conclude that, based on our precedent in Abreu v. State, 660 So.2d 703 (Fla.1995), the trial court does not lose jurisdiction to modify a sentence imposed by it, as long as the defendant flies the motion to reduce the sentence within the sixty-day time period and the trial court rules on the motion “within a reasonable time.” Accordingly, we quash the decision of the Fourth District and approve the Second District’s opinion in Childers.
FACTS
On July 7, 2005, Teresa Schlabach was sentenced to five years’ probation for possession of cocaine, one year of concurrent probation for possession of drug paraphernalia, one year of concurrent probation for resisting/obstructing without violence, and one day in jail for disorderly intoxication (with credit for one day time served). On January 31, 2007, Schlabach tested positive for cocaine, thereby violating a condition of her probation. The trial court revoked Schlabach’s probation on February 14, 2007, and sentenced her to five years in prison.
On April 11, 2007, six days before the expiration of the sixty-day period provided for in Florida Rule of Criminal Procedure 3.800(c), Schlabach filed a motion to reduce or modify her sentence. She claimed that she was diagnosed as bipolar in December 2006 and asked for a reconsideration of her sentence so that she could return to supervision in the community, reside at a facility, and receive psychiatric treatment. On May 14, 2007, Schlabach filed a notice of hearing on her motion. After a brief hearing on May 30, 2007, the trial court granted the motion to reduce or modify the sentence, terminating the balance of Schlabach’s sentence and ordering her released from prison. The State filed a notice of appeal, which the Fourth District treated as a petition for writ of certiorari.
The Fourth District granted the State’s petition and quashed the trial court’s order terminating Schlabach’s sentence. Schlabach, 1 So.3d at 1091. The Fourth District reasoned:
This court has adopted the view that where a motion to mitigate is timely filed, but no hearing is scheduled and no action is taken within sixty days after imposition of sentence, the trial court loses jurisdiction to do so. Hussey v. State, 739 So.2d 123, 124 (Fla. 4th DCA 1999) (citing Grosse v. State, 511 So.2d 688 (Fla. 4th DCA 1987); see also State v. Grandstaff, 927 So.2d 1035, 1036 (Fla. 4th DCA 2006)) (“This rule has been construed to require reduction or modification within the sixty-day period, irrespective of the timeliness of a motion.”)
Here, because no hearing was scheduled and no action was taken within the sixty day period, the trial court lacked jurisdiction to modify the sentence.
Schlabach, 1 So.3d at 1091. The Fourth District recognized its decision was in conflict with Childers, which held that the trial court may extend the time for ruling *232 on a motion to mitigate the sentence beyond the sixty-day window.
ANALYSIS
The certified conflict issue requires us to determine whether the sixty-day time period in Florida Rule of Criminal Procedure 3.800(c) is jurisdictional, prohibiting a trial court from modifying a sentence after that time. To resolve this issue, we first review the relevant rules of criminal procedure. Next, we discuss our decision in Abreu and the split among the district courts regarding when a trial court loses jurisdiction to modify a sentence where the motion to modify is filed within the sixty-day period provided in rule 3.800(c), but the trial court does not rule on the motion within that period. With this caselaw in mind, we review the decision of the Fourth District in Schlabach and the parties’ arguments before this Court. Finally, we examine the policy considerations that arise from this issue.
Rule 3.800(c) (Reduction and Modification) provides:
Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying cer-tiorari. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
Fla. R.Crim. P. 3.800(c). Rule 3.050 (Enlargement of Time) provides an avenue for an enlargement of time by the trial court at its discretion.[1] Lastly, rule 3.020 (Purpose and Construction) provides: “These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure and fairness in administration.”
The intersection of rule 3.800(c) and rule 3.050 was directly addressed by this Court in Abreu. In that case, four days before the sixty-day window was to expire, the defendant’s attorney filed a motion to mitigate the sentence.[2] Abreu, 660 So.2d at *233 704. Because the sixty-day time limit was to expire soon and Abreu’s attorney had been recently appointed to the case, counsel also filed a motion to extend the time so that counsel could prepare for a hearing on the matter. Id. The judge heard the motion on the same day it was filed and granted the motion to extend beyond the end of the sixty-day period. Id. The judge held an additional hearing on the day that the sixty-day window expired. Id. For the first time, the State argued that the judge was required to render a decision before the sixty-day period expired. Id. Although the judge began the hearing, the hearing was recessed and was not completed until after the expiration of the sixty days, at which time the trial court granted the motion to mitigate and resentenced Abreu. Id.
The Third District Court of Appeal quashed the order mitigating the sentence, holding that the trial court was without jurisdiction because the sixty-day time period had expired. However, the court certified conflict with two other decisions that reached contrary results: State v. Golden, 382 So.2d 815 (Fla. 1st DCA 1980), and Smith v. State, 471 So.2d 1347 (Fla. 2d DCA 1985). See Abreu, 660 So.2d at 704. In both of those cases, the district courts of appeal had determined that, based on rule 3.050, the trial court, by its own actions, had “effectively enlarged” the time in which the trial court could enter the order and therefore did not lose jurisdiction. Golden, 382 So.2d at 816; Smith, 471 So.2d at 1348.
In Golden, 382 So.2d at 815-16, the defendant filed a motion for the reduction of his sentence shortly after the sixty-day window first began. A hearing was held within the relevant time period, and at the hearing, the State agreed that the judge could modify the sentence at a later date after the expiration of the sixty-day limitation. Id. at 816. Although the State later changed its position and objected to the modification, the judge entered his order modifying the sentence after the sixty-day window. Id. On appeal, the First District Court of Appeal affirmed the trial court’s order, holding that because the hearing was held within the relevant time period, the judge “effectively enlarged the period of time in which he could enter the order modifying [the] sentence.” Id.
In Smith, 471 So.2d at 1348, a similar situation was presented: the defendant filed a timely motion to reduce sentence, and a hearing was initiated before the sixty-day time limit expired. Because certain witnesses were not available during the hearing, the judge continued the proceeding. Id. However, the judge was on vacation when the matter was reset, and the substitute judge refused to hear the matter. Id. When the judge returned from vacation, he permitted the witnesses to testify but denied the motion based on lack of jurisdiction. Relying on Golden, the Second District Court of Appeal granted the defendant’s petition for writ of cer-tiorari, holding that the judge should consider the motion on its merits because the judge had “effectively enlarged the time during which he could reconsider Smith’s sentence by having commenced the hearing on Smith’s timely motion within the sixty-day limit.” Id. at 1348-49.
In Abreu, this Court approved the decisions in Golden and Smith. In agreeing with the approach of the First and Second Districts, the Court specifically stated that “[t]he Florida Rules of Criminal Procedure are designed to promote justice and equity while also allowing for the efficient opera *234 tion of the judicial system.” Abreu, 660 So.2d at 704. The Court determined that rule 3.050 could be applied to rule 8.800, “providing the matter is resolved within a reasonable time.” Id. at 705. After reviewing the facts of Abreu, this Court held that the judge in Abreu clearly believed it was in the interest of justice to consider the record more carefully, used due diligence in conducting the mitigation proceedings, and entered an order within a reasonable time. Id. Accordingly, the Court quashed the Third District’s decision and reinstated the trial judge’s resen-tencing order. Id.
While Abreu held that the trial court could extend the sixty-day limitation, the Court also recognized that this discretion was not limitless. This Court made a distinction between the circumstances in Abreu and State v. Evans, 225 So.2d 548 (Fla. 3d DCA 1969), the decision upon which the Third District had relied in denying Abreu relief. Abreu, 660 So.2d at 704. In Evans, 225 So.2d at 549, the Third District held that the trial court was without jurisdiction when the judge granted the defendant’s motion to mitigate her sentence almost two years after the trial court received the mandate affirming the judgment and sentence.
This Court in Abreu found that Evans was “easily distinguished” because in Evans, the judge failed to rule on the motion until more than two years after the initial motion was filed. Abreu, 660 So.2d at 704. In contrast, Abreu did not involve any undue delay. In adhering to the necessity of a “reasonable time,” the Court explained that limit as a matter of respect for the separation of powers. Id. at 705. “Under our tripartite system of government there must come a time when the judiciary’s power to reduce a lawful sentence ends and vests in the executive department.” Id. at 704 (quoting Evans, 225 So.2d at 550).
After this Court’s decision in Abreu, district courts have taken divergent views on whether and when the trial court loses jurisdiction to modify a sentence if the order is not entered within the sixty-day time period. The Second District has held that a trial court can sua sponte enlarge the time for ruling on such a motion and generally should do so when the court is unable to rule upon a timely filed motion within the allotted time. See, e.g., Childers, 972 So.2d at 308-09. In Childers, the conflict case, the defendant was convicted of robbery and sentenced to thirty years in prison as a habitual violent felony offender with a ten-year mandatory minimum term. Id. at 308. After his conviction and sentence were affirmed on appeal, Childers filed a timely rule 3.800(c) motion to reduce his sentence. Id. He also filed a motion for enlargement of time, pursuant to Florida Rule of Criminal Procedure 3.050. Three months later, the circuit court denied the motion for enlargement of time and dismissed the motion for modification of sentence because the time had already expired at that point. Id.
Childers filed a petition for writ of cer-tiorari. The Second District granted the petition, holding that although rule 3.800(c) provides for a strict time limit that requires a trial court to rule on such a motion within the sixty-day window, the court may extend the time for ruling on such motions.
In reaching this holding, the Second District explicitly rejected the State’s argument that Childers bore responsibility for the court’s failure to timely rule on the motion because Childers did not set the motion for a hearing and certified conflict with the Fourth District cases that placed the responsibility on the defendant. Id. at 309. As the court noted, nothing within *235 rule 3.800(c) or the rules of criminal procedure requires a hearing. Moreover, the Second District noted that trial courts routinely rule on this type of motion without holding a hearing. Id.
Although the defendant in Childers filed a motion for enlargement of time, other Second District opinions have specifically recognized that the trial court has an obligation to sua sponte extend the time for considering a motion to mitigate when the motion is timely filed within the sixty days. For example, in Cunniff v. State, 950 So.2d 1255, 1257 (Fla. 2d DCA 2007), where a pro se defendant timely filed a rule 8.800(c) motion, the Second District held that the “trial court should have either' considered the motion on its merits or extended the time for considering the motion.” The Second District’s precedent on this issue is long-established. See Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996) (holding that pursuant to this Court’s decision in Abreu and rule 3.050, the trial court can and should sua sponte enlarge the time for ruling on such a motion when the court is unable to rule upon a timely filed motion to mitigate within the allotted sixty-day window).
The Fifth District Court of Appeal has employed reasoning similar to that of the Second District in reaching the same result. In Timmer v. State, 840 So.2d 1160, 1161 (Fla. 5th DCA 2003), the defendant filed a motion to modify his sentence in advance of the expiration of the sixty-day window. However, he was unable to obtain a hearing on his motion within the sixty days. Id. The trial court denied the motion for lack of jurisdiction. Id. After reviewing this Court’s opinion in Abreu, the Fifth District held this ruling was in error because
a trial court possesses jurisdiction to grant a petitioner’s motion for enlargement of time or to sua sponte enlarge the time for ruling on a timely filed 3.800 motion. No formal rule 3.050 motion for enlargement of time needs to be filed in order for a petitioner to be entitled to receive an enlargement of time, where the scheduling of the hearing beyond the 60-day period is beyond the petitioner’s control.
Id. at 1161-62 (emphasis added). In Wills v. State, 963 So.2d 356, 356 (Fla. 5th DCA 2007), the defendant timely filed her motion but the “sixty-day time limit contained within the rule elapsed before the trial court could address its merits.” The Fifth District held that the “State properly concede[d] that the trial court should have sua sponte enlarged the time within which to have a hearing on the motion.” Id.; see also Graham v. State, 24 So.3d 781, 782-83 (Fla. 5th DCA 2009) (holding that a trial court maintains jurisdiction to hear a timely filed motion to mitigate under rule 3.800(c), even when the motion is filed so late that the trial court is not afforded a reasonable opportunity to rule upon the motion within the sixty-day time frame set forth in the rule).
Both the First District and Third District have also recognized that a trial court can extend the deadline sua sponte where the trial court is unable to rule on the motion within the sixty-day time limitation. In Gonzalez v. State, 979 So.2d 1257, 1260 (Fla. 3d DCA 2008), the Third District stated that although the sixty-day period in rule 3.800(c) is a “filing-and-decision deadline,” if that cannot be accomplished, a court can “extend the deadline on the court’s own motion.” See also Bacchus v. State, 958 So.2d 1016, 1017 (Fla. 1st DCA 2007) (holding that the trial court erred in denying a 3.800(c) motion based on lack of jurisdiction since the motion was filed within sixty days of the mandate and thus the trial court had jurisdiction to consider the motion).
*236 Contrary to the above decisions and standing alone in its approach, the Fourth District has held that a trial court lacks jurisdiction to rule on a 3.800(c) motion where no hearing was scheduled and no action was taken within the sixty-day limitation. See Schlabach, 1 So.3d at 1091; Hussey v. State, 739 So.2d 123, 124 (Fla, 4th DCA 1999). However, even the Fourth District has permitted certain exceptions where the delay is not a result of the defendant’s lack of diligence. For example, in Grandstaff, 927 So.2d at 1036, although the defendant filed a timely motion to mitigate his sentence, the hearing on the motion was delayed due to confusion on the part of the court’s administrative personnel regarding which judge would hear the case. Although the hearing occurred after the time limitation expired, the trial court granted the motion to modify the sentence. Id. On appeal, the Fourth District affirmed the trial court’s decision, stressing that “[w]here the court itself is at fault for failing to timely consider motions before it, strict adherence to procedural niceties leads to an inequitable result.” Id. The district court noted that the defendant was diligent in seeking a hearing prior to the expiration of the deadline. Id. Thus,
[t]o find that jurisdiction was ultimately lost simply because no judge was available does not comport with the equitable intent of the Florida Rules of Criminal Procedure. Such a finding would deal an injustice to those who properly comply with the terms of the Rules, but are thwarted in obtaining relief due to circumstances beyond their control.
Id. at 1036-37; see also Marese v. State, 906 So.2d 331, 331 (Fla. 4th DCA 2005) (holding that the trial court erred in determining that it did not have jurisdiction to rule on a motion to modify sentence where the defendant showed he was not responsible for the fact that the hearing was set beyond the sixty-day limit).
In urging the adoption of the Fourth District’s interpretation of the rule, the State argues that rule 3.050 does not allow a trial court to sua sponte or implicitly enlarge the time to rule on a motion to mitigate. We reject the State’s position as being contrary to our precedent. In Abreu, this Court reviewed and approved the decisions in Golden and Smith, both of which involved situations where, although the defendant did not file a formal rule 3.050 motion, the district courts held that the trial court “effectively enlarged” the period of time in which the court could enter the order modifying the sentence.
Likewise, other than the Fourth District, the remaining district courts have recognized that the trial court has the authority to sua sponte extend the sixty-day time period when the motion is timely filed.[3] In fact, some district courts have held that trial courts have an obligation to expand the time period in those cases *237 where the motion to reduce the sentence was timely filed and the court was unable to consider the motion on the merits. See Wills, 963 So.2d at 356 (“The State properly concedes that the trial court should have sua sponte enlarged the time within which to have a hearing on the motion....”); Cunniff, 950 So.2d at 1257 (holding that where the rule 3.800(c) motion was timely filed, the “trial court should have either considered the motion on its merits or extended the time for considering the motion”); Timmer, 840 So.2d at 1161-62 (“No formal rule 3.050 motion for enlargement of time needs to be filed in order for a petitioner to be entitled to receive an enlargement of time, where the scheduling of the hearing beyond the sixty-day period is beyond the petitioner’s control.”).
Next, the State asserts that the time limitation in rule 3.800(c) is jurisdictional, a position that the Fourth District accepted in Schlabach. However, this Court has never recognized this time frame as jurisdictional. Further, the State’s apparent position that a timely filed motion to extend the time would allow the trial court to rule after the sixty days is contrary to the conclusion that rule 3.800(c) imposes a strict jurisdictional bar.[4]
The position that the sixty-day time limit is jurisdictional is also contrary to this Court’s decision in Abreu. In Abreu, this Court implicitly rejected this argument by holding that this provision should be construed in a manner to “promote justice and equity while also allowing for the efficient operation of the judicial system.” Abreu, 660 So.2d at 704. The Court held that where the defendant had filed a motion under rule 3.050, there was “no reason why the provisions of rule 3.050 should not be applied to rule 3.800” so long as the trial court resolved the motion within a reasonable time. Id. at 704-05.
In addition, there are reasons consistent with the purpose of rule 3.800(c) that support this result. Rule 3.800(c) is a narrow rule that provides a limited opportunity for the trial court to reconsider a previously imposed sentence and, within its discretion, reduce or modify the sentence.[5] This provision permits a trial judge to reconsider matters that were not addressed during sentencing and to ensure that the sentence is appropriate and fair in light of all of the relevant circumstances.
The importance of rule 3.800(c) in ensuring fairness in the sentencing process is illustrated by Grandstaff, 927 So.2d at 1036. In that case, the trial judge sentenced the defendant to 364 days in jail, but informed the defendant that he could be placed on six months of probation if he was able to complete an internal substance abuse program during the first six months of his incarceration. The defendant filed a timely motion to mitigate his sentence, asserting that the jail did not have the ability to accommodate his attendance in a substance abuse program. The judge granted this motion because this program was a factor in the judge’s original sentence and the judge intended for the defendant to receive treatment. See id.
*238 Further, our decision is supported by the provisions of rule 3.800(c) itself. Although the Fourth District has examined whether the defendant was diligent in requesting a hearing or taking other steps to ensure the motion was heard, under the language of rule 3.800(c), there is no requirement for a defendant to file a motion to extend time in anticipation of the trial court not ruling in a timely manner.[6] Once the motion is filed, the responsibility for ruling on the motion is placed on the trial judge.
Likewise, rule 3.800(c) has no provision requiring a defendant to set the motion for hearing within the time frame, and thus the rule itself does not provide any notice to a defendant seeking modification of a sentence that he or she should also request a hearing on the motion. In fact, as the Second District explicitly noted in Childers, trial courts can rule on these motions without a hearing. Since a hearing is not necessary and is not the responsibility of the defendant to set, creating a distinction based on whether a hearing was held within the sixty days would not “promote justice and equity while also allowing for the efficient operation of the judicial system.” Abreu, 660 So.2d at 704.
Taking the position of the State and the Fourth District, a litigant who is likely incarcerated and possibly unrepresented would bear the burden of filing a motion for enlargement on behalf of the trial court in case the trial court is unable to dispose of the motion within the required time. Under that construction, the petitioner would also have to set the case for a hearing and obtain a hearing within the sixty-day period. Further, as illustrated in McCormick v. State, 961 So.2d 1099 (Fla. 2d DCA 2007), since these motions are filed either after the sentence is imposed or after the trial court receives the appellate mandate, additional hurdles may exist, particularly for an incarcerated pro se defendant. See id. at 1101 (noting that pro se defendant was unable to file the motion until the end of the sixty-day period because he was in the process of being transported within the Department of Corrections for forty days and was unable to immediately access the law library after his arrival).
There is another side to this picture for the trial courts. As a practical matter, in today’s environment where trial judges are faced with ever-increasing case loads, pro se filings, and reduction of support personnel, it is unrealistic to expect that a court will always be able to rule on a motion to modify sentence within the short deadline unless a system is in place to bring the matter promptly to the trial court’s attention. The time limit is especially onerous for the trial court if the motion is filed close to the expiration of the sixty days.
Based on the language and reasoning in Abreu, as well as policy considerations, overall notions of fairness, and the interests of justice, we hold that the trial court does not lose jurisdiction solely because no hearing was scheduled and no order was entered by the trial court within the sixty days. To hold that a court loses jurisdiction to modify a sentence simply because the judge was unable to review the motion and hold a hearing within the sixty-day time limit does not comport with the equitable intent of the Florida Rules of Criminal Procedure. Further, because the rule currently does not require a hearing to be set by the defendant within the sixty-day *239 time period, the Fourth District’s interpretation of the rule works an injustice.
This case highlights the injustice in the Fourth District’s interpretation of the rule. Initially, after the trial court learned that Schlabach had violated the conditions of her probation, the court sentenced Schla-bach to five years’ incarceration. Schla-bach filed a timely motion to reduce or modify the sentence, asserting that although she had been previously involuntarily committed for mental health reasons, she had only recently been finally diagnosed, and her continued use of illegal drugs prior to this diagnosis was apparently an attempt to self-medicate. In addition, the court received a letter from the person who had notified the authorities about the drug use. In this letter, the woman asserted that she had reported Schlabach’s drug use in an attempt to help her find treatment and that up until this point, Schlabach had been on the right path in turning her life around. Without objection from the State as to untimeliness, the court considered this additional evidence and terminated the balance of her sentence, based on Schlabach’s request to reside at a facility where she could receive psychiatric treatment and return to supervision in the community. Therefore, although the trial court determined that additional incarceration was not warranted, as a result of the Fourth District’s interpretation, Schlabach would be confined to prison for five years.[7]
CONCLUSION
Consistent with our precedent in Abreu, we hold that a trial court does not lose jurisdiction to modify a sentence when the motion is filed within the sixty-day time period as long as the trial court rules on the motion within a reasonable time.[8] Our holding balances both the interests of promoting justice and the efficient operation of the judicial system.
Because promoting justice and fairness must be balanced with efficiency, we also agree with the suggestion of the Second District in Childers that rule 3.800(c) should be amended to provide more specific deadlines for the actions required of both the defendant and the trial court. See Childers, 972 So.2d at 309-10.[9] In making this suggestion, the Second District aptly observed:
A rule 3.800(c) motion is directed to a circuit court’s absolute discretion, and the court’s ruling cannot be appealed. Arnold v. State, 621 So.2d 503 (Fla. 5th *240 DCA 1993). But it is subject to certio-rari review “in an extraordinary case.” Moya v. State, 668 So.2d 279, 280 (Fla. 2d DCA 1996). When the issue is whether a motion to modify a sentence should have been dismissed as untimely, however, the extraordinary has become ordinary. Appellate courts are routinely called upon to determine whether the motions should have been dismissed. Most of these review proceedings, and the delay occasioned by them, could be eliminated by amending the rule to provide that the motion must be filed within a stated period and the circuit court must determine the motion within a reasonable time.

Id.

For the reasons addressed above, we quash the decision of the Fourth District Court of Appeal in Schlabach and direct that the trial court’s resentencing order be reinstated. We approve the opinion in Childers.
It is so ordered.
QUINCE, C.J., and LEWIS, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in result with an opinion, in which POLSTON, J., concurs.

. Florida Rule of Criminal Procedure 3.050 provides in full:
When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion (1) with or without notice, order the period enlarged if a request therefor is made before the expiration of the period originally prescribed or extended by a previous order or (2) upon motion made and notice after the expiration of the specified period, permit the act to be done when the failure to act was the result of excusable neglect; but it may not, except as provided by statute or elsewhere in these rules, extend the time for making a motion for new trial, for taking an appeal, or for making a motion for a judgment of acquittal.

. The motion was filed pursuant to Florida Rule of Criminal Procedure 3.800(b), which is now Florida Rule of Criminal Procedure *233 3.800(c).. Specifically, in 1996, a new subsection (b) (“Motion to Correct Sentencing Error") was added and the prior 3.800(b) was renumbered as subsection (c).

. The Second, Third, and Fifth Districts have explicitly recognized the authority of the trial court to extend the sixty-day time frame sua sponte. See, e.g., Cunniff, 950 So.2d at 1257 (decision from the Second District); Moya, 668 So.2d at 280 (decision from the Second District); Gonzalez, 979 So.2d at 1260 (decision from the Third District); Graham, 24 So.3d at 783 (decision from the Fifth District); Timmer, 840 So.2d at 1161-62 (decision from the Fifth District). In Golden, 382 So.2d at 816, the First District implicitly recognized this authority. Further, the First District has summarily stated in numerous decisions that the trial court erred in denying the motion based on a lack of jurisdiction because the trial court had jurisdiction to consider the rule 3.800(c) motion on the merits where the motion was filed within sixty days and failure to do so constitutes a departure from the essential requirements of the law. See, e.g., Brander v. State, 996 So.2d 255, 256 (Fla. 1st DCA 2008); Bacchus, 958 So.2d at 1017.

. The State apparently accepts the proposition that if the defendant files a motion to enlarge the time pursuant to rule 3.050, the trial court would have discretion to enlarge the time period for a ruling past the sixty days. See State’s Answer Brief at 3 (“Rule 3.050 provides a straightforward method for seeking an extension of the sixty day period. Petitioner chose not to avail herself of that rule. Accordingly, the trial court lacked jurisdiction.”).

. Of course, the trial judge cannot reduce the sentence to one which could not have been originally imposed, nor can the judge impose a more onerous sentence. See Rule 3.800(c) (Committee Notes).

. In fact, rule 3.800(c) does not even explicitly require the defendant to file a motion, although certainly a motion would be the best way to bring to the court’s attention specific grounds of which the judge may not be aware.

. At the time of the hearing, Schlabach had been incarcerated for approximately five months. Schlabach’s sentencing scoresheet, which was prepared after she violated probation, indicated that her minimum sentence was any non-state prison sanction.

. We recognize that what constitutes a "reasonable time" has not been quantified, and we also recognize that there has been disagreement within the courts as to whether the defendant may file a motion up until the sixtieth day. Compare Brantley v. Holloway, 685 So.2d 31, 31-32 (Fla. 2d DCA 1996) (refusing to grant relief where the trial court held that it lacked jurisdiction to rule on a timely filed motion for sentence reduction because the defendant did not file the motion until the last day so the trial court did not have a “meaningful opportunity to rule on his motion within the allotted jurisdictional time”), with Graham, 24 So.3d at 782-83 (holding that a trial court maintains jurisdiction to hear a timely filed motion to mitigate under rule 3.800(c) even if the motion is filed within hours prior to the expiration of the sixty-day time frame).

. We direct that The Florida Bar’s Criminal Procedure Rules Committee consider the issue of time limitations under rule 3.800(c) and propose to the Court an amendment providing a reasonable time limitation for a defendant to file a rule 3.800(c) motion, as well as an appropriate time limit for the trial court to rule upon such motions or to sua sponte reduce or modify the sentence.