PER CURIAM.
This matter is before the Court for consideration of proposed amendments to *914 Florida Rule of Criminal Procedure 3.800(c) (Correction, Reduction, and Modification of Sentences: Reduction and Modification). We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(f).
At the request of the Court, the Criminal Procedure Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to rule 3.800(c). The Florida Bar Board of Governors’ Executive Committee unanimously approved the proposed amendments. We published the proposed amendments for comment. No comments were received.
The Committee’s proposals are in response to the Court’s request that amendments to rule 3.800(c) be proposed in light of our decision in Schlabach v. State, 37 So.3d 230 (Fla.2010). In that case, we determined whether a trial court loses jurisdiction to modify a sentence when a motion is filed within the sixty-day period provided in rule 3.800(c), but the trial court does not rule on the motion within that period. Id. at 230. We held that a trial court does not lose jurisdiction to modify a sentence imposed by it, if a defendant files a motion to modify the sentence within the sixty-day time period prescribed by rule 3.800(c) and the trial court rules on the motion within a reasonable time. Id. at 239. In doing so, we recognized that our holding did not quantify what constitutes a reasonable time and that there has been disagreement within the courts on whether a defendant may file a rule 3.800(c) motion up until the final day of the sixty-day time period. Id. n. 8. Accordingly, we directed the Committee to propose amendments to rule 3.800(c) that provide for a reasonable period of time for a defendant to file a rule 3.800(c) motion and an appropriate period of time for the trial court to rule upon such motions or to sua sponte reduce or modify a sentence. Id. n. 9.
Having considered the Committee’s report, we adopt the amendments to rule 3.800(c) proposed by the Committee, with modifications. The amended rule provides a sixty-day period of time for the trial court to sua sponte modify a sentence or for the defendant to file a motion to modify a sentence. The rule is further amended to provide that a trial court shall have ninety days, or such time as agreed by the parties or extended by the trial court, from the date a motion to modify a sentence is filed to enter an order ruling on the motion. Finally, language is added to provide that a motion to modify a sentence is deemed denied if an order is not timely entered by a trial court.
Accordingly, Florida Rule of Criminal Procedure 3.800 is hereby amended as set forth in the appendix to this opinion. New language is underscored. The amendment shall become effective immediately upon the release of this opinion.
It is so ordered.
PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, C.J., dissents.
Appendix
RULE 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
(a) (b)[No Change]
(c)Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, or within 60 days after receipt by the court of a man-
*915 date issued by the appellate court on affir-mance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. If review is upon motion, the trial court shall have 90 days from the date the motion is filed or such time as agreed by the parties or as extended by the trial court to enter an order ruling on the motion. If no order is entered on the motion within 90 days or such time as extended by the parties or the trial court, the motion shall be deemed denied. This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.
Committee Notes
[No Change]
Court Commentary
[No Change]