PER CURIAM.
The Supreme Court Criminal Court Steering Committee and the Subcommittee on Postconviction Relief have filed a joint petition recommending amendments to Florida Rules of Criminal Procedure 3.170 (Pleas), 3.800 (Correction, Reduction, and Modification of Sentences), 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), and 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct Appeal), and recommending adoption of new Florida Rule of Criminal Procedure 3.801 (Correction of Jail Credit). We have jurisdiction. See art. V, § 2(a), Fla. Const. The amendments we adopt here are the culmination of extensive study of Florida’s postconviction relief process.
BACKGROUND
Among its 2010 charges, the Supreme Court Criminal Court Steering Committee (Steering Committee) was directed to review Florida’s postconviction rules and, if necessary, recommend amendments to the Court. In re Criminal Court Steering Committee, Fla. Admin. Order No. AOSC10-34, at 2 (Jul. 1, 2010). To facilitate the Steering Committee’s charge, the Subcommittee on Postconviction Relief (Subcommittee) was established by the Court to “conduct a comprehensive review of Florida Rule of Criminal Procedure 3.800 (Correction, Reduction, and Modification of Sentences), Florida Rule of Criminal Procedure 3.850 (Motion to Vacate, Set Aside, or Correct Sentence), and Florida Rule of Criminal Procedure 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct Appeal).” In re Subcommittee on Postconviction Relief, Fla. Admin. Order No. AOSC10-40, at 1 (Jul. 2, 2010). The Subcommittee was directed to study the recommendations made by the Commission on District Court of Appeal Performance and Accountability and the Commission on Trial Court Performance and Accountability pertaining to the postconviction relief process and Florida Rule of Criminal Procedure 3.170(Z). Id. at 2; In re Subcommittee on Postconviction Relief, Fla. Admin. Order No. AOSC10-53, at 1 (Oct. 6, *1236 2010).[1]
On October 10, 2011, the Steering Committee and the Subcommittee filed a joint petition proposing multiple amendments to the postconviction rules and the deletion of rule 3.170(1). As explained in the joint petition, the proposed amendments are “intended to more effectively control the filing of postconviction motions by introducing greater finality and uniformity into what has become an unwieldy postconviction process,” and to “achieve a balance between the rights of the convicted defendants and the appropriate use of court resources.”
The Court published the proposals for comment in The Florida Bar News. Several comments were filed, including comments from the Florida Public Defender Association, the Florida Association of Criminal Defense Lawyers, The Florida Bar’s Appellate Court Rules Committee and Criminal Procedure Rules Committee,[2] and the Innocence Project of Florida, as well as from a number of individual commentors. The Steering Committee and the Subcommittee filed a joint response to the comments. The Court heard oral argument on the proposals.
AMENDMENTS
Upon consideration of the proposed amendments, the comments and response thereto, and the matters discussed at oral argument, we adopt a number of the proposed amendments, some with modifications, and we adopt several additional amendments on our own motion. We also decline to adopt several proposals, as further explained below.[3]
Rule 3.170(/) (Motion to Withdraw the Plea after Sentencing)
The Steering Committee and the Subcommittee recommend the deletion of rule 3.170(1), which allows a defendant to file a motion to withdraw a plea of guilty or nolo contendere within thirty days of rendition of the sentence. The rule limits the grounds properly raised to those set out in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law. In proposing the deletion of the rule, the Steering Committee and the Subcommittee contend that most motions brought under this rule are pro se and allege ineffective assistance of counsel, and as such, present issues that would be better addressed on appeal or pursuant to *1237 rule 3.850. We disagree. To the extent that these claims fall within the grounds allowable by the rule and are timely, adjudication of a motion to withdraw the plea is preferable in the trial court and closer in time to entry of the plea. Accordingly, we decline to eliminate rule 3.170(Z).
Rule 3.800 (Correction, Reduction, and Modification of Sentences)
The Steering Committee and the Subcommittee propose several amendments to rule 3.800, including deleting the text of subdivision (a) (Correction) and substantially amending subdivision (b) (Motion to Correct Sentencing Error).[4] Due to the concerns raised in the comments filed and at oral argument, we decline to adopt these proposals[5] but amend rule 3.800(b) to add a provision governing the disposition of rehearing motions and the effect such motions have on rendition of the order on a rule 3.800(b) motion. As amended, the rule provides that a motion for rehearing must be disposed of within fifteen days of the response but not later than forty days from the date of the order for which rehearing is sought. If no order is filed within forty days, the motion for rehearing is deemed denied. In addition, it provides that a timely filed motion for rehearing tolls rendition of the order subject to appellate review.
New Rule 3.801 (Correction of Jail Credit)
We adopt new rule 3.801 as proposed. This new rule governs the correction of a sentence that fails to allow county jail time credit as provided in section 921.161, Florida Statutes (2012). The rule is intended to prevent stale claims by requiring that jail credit issues be brought within one year of the sentence becoming final. Successive motions for jail credit are not allowed. The rule also identifies the contents that must be included in a motion seeking such relief and specifies that certain subdivisions of rule 3.850 are applicable to motions under this rule.
Rule 3.850 (Motion to Vacate, Set Aside, or Correct Sentence)[6]
We amend rule 3.850 to address several issues identified by the Postconviction Rules Workgroup and by the Steering Committee and the Subcommittee in the joint petition. However, due to the concerns raised in the comments and at oral argument, we decline to amend current subdivisions (a) (Grounds for Motion) and (b) (Time Limitations), and to adopt a new subdivision (b), as proposed, the combined effect of which would have been to create separate subdivisions of the rule governing conviction claims and sentencing claims. We also decline to amend current subdivision (l) (Habeas Corpus), as proposed in the joint petition.
We amend subdivision (c) (Contents of Motion) in several ways, as proposed. First, it is amended to add the requirements that the motion be under oath, stat *1238 ing that “the defendant has read the motion or that it has been read to him or her, that the defendant understands its contents, and that all of the facts stated therein are true and correct,” and that the motion explain whether the judgment resulted from a plea or from a trial. Next, it is amended to require that newly discovered evidence claims be supported by affidavits attached to the motion. Lastly, it is amended to remove the language governing the form of the motion currently set out in the last paragraph and to move that language to new subdivision (d) (Form of Motion).[7]
Next, we add new subdivision (e) (Amendments to Motion). This new subdivision is intended to codify existing case law on amendments to postconviction motions and to comport with the amendments to current subdivision (d) (Procedure; Evi-dentiary Hearing; Disposition), discussed below. These new provisions together are meant to further the ultimate goal of allowing the trial court to adjudicate the merits of all sufficiently pleaded postcon-viction claims in a single postconviction proceeding, with a single final appealable order.
Current subdivision (d) (Procedure; Ev-identiary Hearing; Disposition) is substantially amended and is redesignated as (f). As amended, this subdivision codifies existing case law and addresses the different options that the trial judge has when considering a motion under the rule, dependent upon such factors as the timeliness of the motion, whether and to what extent the motion is sufficient, whether and to what extent the motion is subject to disposal on the record, whether to obtain a response from the State, and whether counsel should be appointed. The portion of this subdivision addressing disposition by evidentiary hearing is amended to (1) require that the trial court cause notice of the evidentiary hearing to be served not only on the state attorney but also on the defendant or the defendant’s counsel; (2) expressly provide that the defendant bears the burden of presenting evidence at the evidentiary hearing and the burden of proof upon the motion unless otherwise provided by law; and (3) require that the order issued by the trial court after the evidentiary hearing resolve all claims raised and be considered the final order for purposes of appeal. Additionally, language directing the court to vacate and set aside the judgment and to discharge, re-sentence, grant a new trial, or correct a sentence upon finding in favor of the defendant is deleted.
Next, current subdivision (e) (Movant’s Presence Not Required) is redesignated as (g), retitled as “Defendant’s Presence Not Required,” and is amended, as proposed, to clarify that the defendant’s presence is required only at an evidentiary hearing on the merits of any claim.
Current subdivision (f) (Successive Motions) is redesignated as (h) and is substantially rewritten. We adopt new subdivision (h)(1), requiring, as proposed, that a second or successive motion be titled “Second or Successive Motion for Postconviction Relief.” In addition, we retain with some modification the current language as subdivision (h)(2), which pertains to dismissals of a second or successive motion.
Current subdivision (g) (Service on Parties) is redesignated as (i) and is amended, as proposed, to clarify that the clerk of court must serve on the parties a copy of *1239 any order issued in the rule 3.850 proceeding.
Next, current subdivision (h) (Rehearing) is redesignated as (j), and is amended to state that a motion for rehearing in rule 3.850 proceedings is not necessary to preserve an issue for appeal and to include the requirement that the motion be “based on a good faith belief that the court has overlooked a previously argued issue of fact or law or an argument based on a legal precedent or statute not available prior to the court’s ruling.” Additionally, on our own motion, we amend this subdivision to provide time limitations for the response to and the disposition of a motion for rehearing. These amendments are intended to facilitate the trial court’s correction of an obvious error without the expense or delay occasioned by an appeal.
Current subdivision (i) (Appeals) is re-designated as (k) and is amended to clarify that only the final order disposing of the motion for postconviction relief is appeal-able. To that end, the amended rule requires final orders denying a rule 3.850 motion to state that the defendant has the right to appeal within thirty days of rendition of the order and further provides that all nonfinal, nonappealable orders should state that the defendant has no right to appeal the order until entry of the final order.
On our own motion, we amend current subdivision (j) (Belated Appeals). The subdivision is redesignated subdivision (l) (Belated Appeals and Discretionary Review), to include the provision for belated discretionary review based on the elimination of current subdivision (k) (Belated Discretionary Review) as proposed.
Finally, we adopt new subdivision (n) (Certification of Defendant; Sanctions), which replaces current subdivision (m) (Frivolous or Malicious Collateral Criminal Pleadings or Motions), which is deleted. New subdivision (n) is a complete rewrite of the subdivision addressing frivolous or malicious filings by defendants. The provision is intended to require post-conviction defendants to take formal steps that communicate the significance of filing a document with a court and to set forth a sanction mechanism to deter frivolous postconviction motions, thus protecting the courts and other litigants from abuse of the postconviction process. We have modified the provision to also apply to the filing of an improper habeas petition seeking relief that should be or was sought by motion under rule 3.850.
Rule 3.851 (Collateral Relief after Death Sentence has been Imposed and Affirmed on Direct Appeal)
The proposed amendments to rule 3.851, governing postconviction motions in capital cases, are relatively minor.[8] We adopt the amendments as proposed. Subdivision (b) of the rule is amended to substitute the phrase “Justice Administrative Commission” for the phrase “Commission on Capital Cases.” New subdivision (c)(5) (Record on Appeal) is adopted to facilitate the timely transfer of the record on appeal from this Court to the records repository after the appointment of postconviction counsel. Lastly, subdivision (f)(5) (Case Management Conference; Evidentiary Hearing) is amended to shift the timing of *1240 discovery for the State and to extend the time for the trial court to hold an eviden-tiary hearing.
CONCLUSION
Accordingly, the Florida Rules of Criminal Procedure and the Florida Rules of Appellate Procedure are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The Court Commentary is offered for explanation only and is not adopted as an official part of the rules. The amendments shall become effective on July 1, 2013, at 12:01 a.m.
We thank the Florida Supreme Court Criminal Court Steering Committee and the Postconviction Relief Subcommittee for their hard work and thorough recommendations. We also thank the Commission on District Court of Appeal Performance and Accountability, the Commission on Trial Court Performance and Accountability, and their Postconviction Rules Workgroup for the essential contributions made to this effort to refine the postcon-viction relief process. We also express our appreciation to the Florida Public Defender Association, the Florida Association of Criminal Defense Lawyers, The Florida Bar’s Appellate Court Rules Committee and Criminal Procedure Rules Committee, the Innocence Project of Florida, and the individual commentors who provided the Court with valuable input.
It is so ordered.
LEWIS, QUINCE, LABARGA, and PERRY, JJ., concur.
POLSTON, C.J., concurs in part and dissents in part.
PARIENTE, J., concurs in part and dissents in part with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion, in which POLSTON, C.J., concurs.

. In addition to the extensive work undertaken by the Steering Committee and the Subcommittee on behalf of the Court, the Court also recognizes the work of the Commission on District Court of Appeal Performance and Accountability, the Commission on Trial Court Performance and Accountability, and the Postconviction Rules Workgroup, which was created jointly by these Commissions "to consider and recommend changes in the procedural rules, administrative practices, and statutes that affect postconviction remedies.” Postconviction Rules Workgroup, Report of the Postconviction Rules Workgroup, at 3 (2006).

. Both rules committees were consulted by the Steering Committee prior to the filing of the joint petition. In its comment in response to the proposed criminal rule amendments, the Appellate Court Rules Committee proposed conforming amendments to Florida Rules of Appellate Procedure 9.020 (Definitions), 9.140 (Appeal Proceedings in Criminal Cases), and 9.141 (Review Proceedings in Collateral or Post-Conviction Criminal Cases). We consider these proposals here and adopt the conforming amendments to rules 9.140 and 9.141. Because we decline to eliminate rule 3.170(1) as explained below, we also decline to adopt the proposed conforming amendment to rule 9.020.

.In addition to the amendments discussed herein, editorial and other minor amendments are also made to rules 3.850 and 3.851. Subdivision (k) (Belated Discretionary Review) of rule 3.850 is eliminated, as proposed in the joint petition.

. The Steering Committee and the Subcommittee also proposed an amendment to Florida Rule of Criminal Procedure 3.800(c). However, subsequent to the filing of the joint petition, this amendment was adopted in another case. See In re Amendments to Florida Rule of Criminal Procedure 3.800(C), 76 So.3d 913, 914-15 (Fla.2011). Consequently, the proposal was withdrawn.

. While we decline to delete the text of rule 3.800(a), which allows a court “at any time” to correct an illegal sentence, an incorrect scoresheet calculation, or a sentence that does not grant proper credit for time served, we ask the Steering Committee, the Postcon-viction Relief Subcommittee, and The Florida Bar's Criminal Procedure Rules Committee to review the issue of successive rule 3.800(a) motions and jointly propose a rule amendment restricting such motions.

.In the course of amending rule 3.850, some of the subdivisions have been redesignated.

. The Steering Committee and the Subcommittee recommend that the language addressing the form of the motion be moved to a new subdivision and that it also be modified to set forth additional requirements and restrictions and a shorter page limit. We decline to adopt the proposed modifying language.

. The proposal to amend rule 3.851(f) to substitute the word "paper”, with the word "document” was previously adopted in In re Amendments to the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Prohate Rules, the Florida Small Claims Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure — Electronic Filing, 102 So.3d 451 (Fla.2012).