PER CURIAM.
The defendant appeals from the circuit court’s order summarily denying in part his original Florida Rule of Criminal Procedure 3.850 motion. We remand for the circuit court to rule on the defendant’s amended rule 3.850 motion, which the defendant filed before the court ruled on the defendant’s original rule 3.850 motion.
On December 30, 2011, this court issued its mandate upon affirmance of the defendant’s direct appeal, Jackson v. State, 75 So.3d 744 (Fla. 4th DCA 2011) (Table).
On February 17, 2012, the defendant filed his original rule 3.850 motion. The original motion was timely filed based upon the grounds which the defendant raised. See Fla. R.Crim. P. 3.850(b) (2011).
On January 29, 2013, nearly one year after the defendant filed his original rule 3.850 motion, the defendant filed his amended rule 3.850 motion. The amended motion also was timely filed based upon the grounds which the defendant raised. See Fla. R.Crim. P. 3.850(b) (2011).
On February 7, 2013, just nine days after the defendant filed his amended rule 3.850 motion, the circuit court ruled on the defendant’s original rule 3.850 motion.
On appeal, the defendant argues that the circuit court erred in ruling on his *410 original rule 3.850 motion rather than ruling on his amended rule 3.850 motion.
We agree with the defendant. We presume that the circuit court may have been unaware of the filing of the defendant’s amended rule 3.850 motion at the time it ruled on the defendant’s original rule 3.850 motion. Nevertheless, under the law in effect when the defendant filed the amended motion, “[a] rule 3.850 movant [had] the right to amend or supplement a motion at any time within the two-year time limit as long as the trial court [had] not yet ruled on the merits of the motion.” Samuels v. State, 973 So.2d 662, 662 (Fla. 4th DCA 2008) (citation omitted).[1]
Based on the foregoing, we remand for the circuit court to: (1) vacate its February 7, 2013 order on the defendant’s original rule 3.850 motion; and (2) rule on the defendant’s amended rule 3.850 motion.

Remanded for proceedings consistent with this opinion.

CIKLIN, GERBER and CONNER, JJ., concur.

. This law in effect when the defendant filed the amended motion has been overruled by rule amendments which became effective on July 1, 2013. in re Amendments to Fla. R.Crim. P. & Fla. R.App. P., 112 So.3d 1234 (Fla.2013). Under the amended rule 3.850(e), "Leave of court is required for the filing of an amendment after the entry of an order pursuant to subdivision (0(5) or (0(6).”