# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANDREW JAMES JONES,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D2025-0360

[June 4, 2025]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 22-002597CF10A.

Antony P. Ryan, Regional Counsel, and Danielle N. Forté, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for petitioner.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for respondent.

CIKLIN, J.

Andrew James Jones petitions for a writ of certiorari from the trial court's order denying his motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). We grant the petition because the trial court mistakenly believed it lacked the power to grant relief.

At sentencing, the court denied Jones' motion for a downward departure from the lowest permissible sentence under the Criminal Punishment Code (CPC). The trial court imposed a 48-month prison sentence. Jones appealed and raised the denial of his motion for downward departure. We per curiam affirmed without opinion.

Jones then timely filed the rule 3.800(c) motion at issue to mitigate his sentence. Within the motion, Jones again asked the trial court for a downward departure. The trial court allowed Jones to present evidence about his medical condition, current circumstances, and need for medical

treatment. The trial court agreed with the State that it lacked discretion to grant a downward departure. The trial court stated, however, that, if it had discretion, then it would mitigate the sentence to 21 months in prison followed by probation.

This petition timely follows. Jones contends that the trial court departed from the essential requirements of law because it had failed to recognize its continuing discretion to grant a downward departure under rule 3.800(c). We agree.

> To be entitled to certiorari relief, a petitioner must establish three elements: "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" *Nucci v. Target Corp.*, 162 So. 3d 146, 151 (Fla. 4th DCA 2015) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). To merit such relief, the departure from the essential requirements of law must be "a violation of [a] clearly established principle of law resulting in a miscarriage of justice." *Id.* (quoting *Williams*, 62 So. 3d at 1133). Certiorari relief is reserved for serious legal errors. *Id.*

*Lake v. State*, 193 So. 3d 932, 933 (Fla. 4th DCA 2016). Elements two and three, often referred to as the "irreparable harm" requirement, are jurisdictional.

We have certiorari jurisdiction to review the trial court's order because the court mistakenly believed it lacked the power to grant mitigation. Jones has established irreparable harm because no adequate remedy exists for the loss of his right to have the court consider mitigation. The denial of a rule 3.800(c) motion is not appealable, but we have recognized that certiorari is available where a court erroneously concludes it lacks jurisdiction to grant relief, such as because it mistakenly believed that the motion was untimely. *See Howard v. State*, 914 So. 2d 455 (Fla. 4th DCA 2005).

Rule 3.800(c) allows a motion to mitigate to be filed within 60 days of the imposition of sentence or within 60 days of a mandate affirming the judgment and sentence on direct appeal. Jones timely filed his motion following our affirmance in his direct appeal. The trial court mistakenly believed that the following provision in rule 3.800(c) deprived it of authority to grant mitigation: "This subdivision shall not be applicable to those cases in which the death sentence is imposed or those cases in which the

trial judge has imposed the minimum mandatory sentence *or has no sentencing discretion.*"  Fla. R. Crim. P. 3.800(c) (emphasis added).

Jones' offense was not subject to any "minimum mandatory sentence." Jones was subject to the lowest permissible sentence as calculated by his CPC scoresheet.  § 921.00265(1), Fla. Stat. (2021) ("The lowest permissible sentence . . . is assumed to be the lowest appropriate sentence for the offender being sentenced.  A departure sentence is prohibited unless there are mitigating circumstances or factors present as provided in s. 921.0026 which reasonably justify a departure.").  The CPC's lowest permissible sentence is not a "minimum mandatory sentence."  A trial court has discretion under the CPC to depart below the lowest permissible sentence. *See* § 921.0026, Fla. Stat. (2021) (setting out some mitigating circumstances that may "reasonably justify" a downward departure).

The trial court nevertheless agreed with the State that it lacked authority to again consider a downward departure because it had declined to do so at the initial sentencing, and we had affirmed that decision. However, nothing in rule 3.800(c) restricts the trial court's sentencing discretion in this manner.  The trial court retains the same sentencing discretion to grant a downward departure that it had at the initial sentencing.

This situation is analogous to *State v. Richardson*, 766 So. 2d 1111 (Fla. 3d DCA 2000).  In *Richardson*, the Third District agreed that in considering a rule 3.800(c) motion, the trial court had retained discretion to impose a youthful offender sentence despite originally declining to do so and imposing a 15-year minimum mandatory sentence.  The Third District explained that rule 3.800(c) contains no language divesting the sentencing court of the discretion which it had at the initial sentencing. *Id.* at 1113.

The same is true here.  A trial court considering a timely rule 3.800(c) motion retains discretion to grant a downward departure under the CPC even if the court previously declined to do so. *See, e.g., Spaulding v. State*, 93 So. 3d 473, 474 (Fla. 2d DCA 2012) (recognizing that the court had authority to grant a downward departure when considering mitigation but that the court's discretionary decision declining to do so was not appealable).

The law of the case doctrine is inapplicable.  Jones' motion to mitigate raised new circumstances that had developed since the time of the original sentencing, and Jones presented evidence that was not previously considered.  The merits of Jones' current request for a downward departure were not decided on his direct appeal.

A rule 3.800(c) motion allows a court to mitigate a lawfully imposed sentence to any lesser sentence that the court could have imposed initially. *See Schlabach v. State,* 37 So. 3d 230, 237 (Fla. 2010) ("Rule 3.800(c) is a narrow rule that provides a limited opportunity for the trial court to reconsider a previously imposed sentence and, within its discretion, reduce or modify the sentence."). The Florida Supreme Court has recognized that, when considering a timely rule 3.800(c) motion, the trial court can consider changes in circumstances occurring since the original sentencing. *Id.* (citing *State v. Grandstaff,* 927 So. 2d 1035, 1036 (Fla. 4th DCA 2006)). "This provision permits a trial judge to reconsider matters that were not addressed during sentencing and to ensure that the sentence is appropriate and fair in light of *all* of the relevant circumstances." *Id.* (emphasis added).

A prior decision denying a downward departure does not restrict the trial court's sentencing discretion when considering a timely request for mitigation. Although not required to do so, the court has the power to reconsider a downward departure when it hears a timely rule 3.800(c) motion. *See, e.g., Spaulding,* 93 So. 3d at 474. Here, the trial court departed from the essential requirements of law in concluding otherwise.

Accordingly, we grant the petition and quash the order for the trial court to consider Jones' motion to mitigate on the merits.

*Petition granted.*

WARNER and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4