WETHERELL, J.,
concurring.
I fully concur in the dismissal of this appeal, which seeks review of the trial court’s order denying Appellant’s “Motion for Reduction or Modification” filed pursuant to Florida Rule of Criminal Procedure 3.800(c). I write separately to note that the trial court should not have included a statement of appellate rights in the order because the order is not appealable. Accord Howard v. State, 914 So.2d 455 (Fla. 4th DCA 2005) (“[W]e would advise the trial court that the routine language in its order that the defendant has the right to appeal this denial of a rule 3.800(c) motion is incorrect and should be eliminated. There is no right of appeal of those orders.”).
In June 2010, Appellant filed a motion pursuant to rule 3.800(c) seeking a reduction and/or modification of his 12-year prison sentence imposed in 2006. The trial court could have denied the motion as untimely because it appears to have been filed well after the 60-day deadline in rule 3.800(c). Instead, the trial court denied the motion on the merits, stating that “this Court is not inclined to modify the Defendant’s previously imposed sentence” despite the circumstances brought to the court’s attention in the motion. The order also included the following boiler-plate language: “The Defendant shall have thirty (30) days from the date that this Order is filed to take an appeal, by filing a Notice of Appeal with the Clerk of the Court.”
The trial court is required to include a statement of appellate rights in an order denying post-conviction relief under rule 3.800(a) or rule 3.850. See Fla. R.Crim. P. 3.800(a), 3.850(g). No such requirement exists in rule 3.800(c), and it is well-settled *1078 that an order denying a rule 3.800(c) motion on the merits is not appealable. See, e.g., Mitchell v. State, 719 So.2d 1258 (Fla. 1st DCA 1998) (explaining that a rule 8.800(c) motion is addressed to the sound discretion of the trial court and that the appellate court has no jurisdiction to review the correctness of the decision). Thus, it is not necessary or appropriate for the trial court to include a statement of appellate rights in an order denying a rule 3.800(c) motion.[1] The inclusion of such language serves no purpose except to foster unnecessary appeals.
I recognize that omitting a statement of appellate rights from an order denying a rule 3.800(c) will not necessarily deter a pro se inmate from appealing the order. However, in light of the significant burden that pro se inmate appeals already impose on the court system, there is certainly no reason to suggest to an inmate that he or she has appellate rights in an order that is clearly not appealable.

. If, in addition to denying a rule 3.800(c) motion, the order also denies motions for post-conviction relief under rule 3.800(a) and/or rule 3.850, the order should include a statement of appellate rights even though appellate review of the order will be limited to the denial of the rule 3.800(a)/3.850 motions. See Walters v. State, 994 So.2d 1230 (Fla. 2d DCA 2008).