PER CURIAM.
 

 Appellant seeks review of the trial court’s order denying his motion to mitigate his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). This is not an appealable order.
 
 See, e.g., Mitchell v. State,
 
 719 So.2d 1258 (Fla. 1st DCA 1998). The fact that the order included the statement that “[t]he Defendant shall have thirty (30) days from the date this Order is filed to take an appeal by filing a Notice of Appeal with the Clerk of Court” does not transform the order into an ap-pealable order.
 
 See Falco v. State,
 
 44 So.3d 198 (Fla. 4th DCA 2010). This boilerplate language is required in orders on other types of postconviction motions, but it should
 
 not
 
 be included in orders on rule 3.800(c) motions.
 
 See Howard v. State,
 
 914 So.2d 455, 456 (Fla. 4th DCA 2005);
 
 see also Barrington v. State,
 
 46 So.3d 1077 (Fla. 1st DCA 2010) (Wetherell, J., concurring) (noting that the “inclusion of such language serves no purpose except to foster unnecessary appeals” and that “there is certainly no reason to suggest to an inmate that he or she has appellate rights in an order that is clearly not appealable”). Accordingly, we dismiss this appeal and we also take this opportunity to encourage the trial courts of this district to excise language concerning appellate rights from their orders on rule 3.800(c) motions.
 

 DISMISSED.
 

 DAVIS, HAWKES and WETHERELL, JJ., concur.