# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1562
Lower Tribunal No. 18-4837
_____

**Gregory Kamal Walker,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Gregory Kamal Walker, in proper person.

Ashley Moody, Attorney General, for respondent.

Before LINDSEY, LOBREE and BOKOR, JJ.

PER CURIAM.

Gregory Kamal Walker appeals an order denying his motion to reduce or

modify his sentence under Florida Rule of Criminal Procedure 3.800(c). The trial court denied the motion as untimely because it was filed more than sixty days after the imposition of sentence. "Such an order is not reviewable by appeal but may be reviewed under this court's certiorari jurisdiction." Montesino v. State, 231 So. 3d 514, 515 (Fla. 3d DCA 2017) (quoting Johnson v. State, 932 So. 2d 562, 562 (Fla. 3d DCA 2006)). We therefore treat the appeal as a petition for writ of certiorari and deny the petition.

Rule 3.800(c) provides in pertinent part:

> A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it, sua sponte, or upon motion filed, within 60 days after the imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal . . . .

Walker provided his motion to corrections authorities for mailing on July 27, 2020, well beyond the sixty-day limit after his guilty plea and imposition of his sentence on February 11, 2019. His contention that the motion was timely as it was filed within sixty days of his receipt of a mandate from this court is without merit, since this mandate stemmed from a post-conviction motion he filed and not from a direct appeal following entry of his plea. See Barcelona v. State, 974 So. 2d 1133 (Fla. 3d DCA 2008). As the trial court was correct regarding the motion's untimeliness, we deny the petition.

2

Petition denied.[1]

---

[1] We again remind the trial courts, "that the routine language in its order[s] that the defendant has the right to appeal th[e] denial of a rule 3.800(c) motion is incorrect and should be eliminated. There is no right of appeal of those orders." Montesino, 231 So. 3d at 515 (quoting Howard v. State, 914 So.2d 455, 456 (Fla. 4th DCA 2005).