EMAS, J.
 

 Gary White appeals an order summarily denying his initial motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm in part, reverse in part and remand this cause to the trial court.
 

 White alleged in his motion that his trial counsel rendered ineffective assistance by failing to investigate defense witnesses and by failing to present defense witnesses at trial.
 
 [1]
 
 In its response to White’s motion, the State argued that this claim was legally insufficient because White’s motion:
 

 — Failed to identify the defense witnesses by name;
 

 — Failed to allege that these witnesses were available to testify at trial; and
 

 — Failed to allege how the testimony of these witnesses would have affected the outcome of the trial.
 

 The trial court entered an order denying the motion without an evidentiary hearing. The order simply states:
 

 THIS CAUSE having come on to be heard upon the defendant’s Motion for Post-Conviction Relief on November 1st, 2010.
 

 ORDERED AND ADJUDGED that the defendant’s Motion for Post-Conviction Relief is hereby DENIED.
 

 The order does not state a basis for the denial. If the denial of the motion was based upon the record, the Court failed to attach to its order those portions of the files or record establishing White is entitled to no relief on this claim.
 
 See
 
 Fla. R.Crim. P. 3.850(d).
 

 
 *1158
 
 If the denial of the motion was based upon the legal insufficiency of the motion (as urged by the State in its response), the trial court should have followed the procedure outlined in
 
 Spera v. State,
 
 971 So.2d 754, 761-62 (Fla.2007):
 

 [W]hen a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.... [W]e hold that the proper procedure is to strike the motion with leave to amend within a reasonable period. We do not envision that window of opportunity would exceed thirty days and may be less. The striking of further amendments is subject to an abuse of discretion standard that depends on the circumstances of each case.
 

 We also stress that our decision is limited to motions deemed facially insufficient to support relief — that is, claims that fail to contain required allegations. When trial courts deny relief because the record conclusively refutes the allegations, they need not permit the amendment of pleadings.
 

 We therefore affirm that portion of the trial court’s order denying White’s claim of ineffective assistance of counsel for failure to request an adversary preliminary hearing. We reverse that portion of the trial court’s order denying White’s claim of ineffective assistance of counsel for failure to investigate and present defense witnesses at trial, and remand with directions that the trial court either: 1) enter an amended order attaching those portions of the files and record that conclusively establish White is entitled to no relief; or 2) permit White an opportunity to amend his motion to state a legally sufficient claim, and for proceedings thereafter consistent with this opinion.
 

 [1]
 

 . White’s motion also alleged that trial counsel was ineffective for failing to request an adversary preliminary hearing. However, this claim is without merit as a matter of law. The State’s response to the motion (and records attached thereto) establishes that the State filed an information within twenty-one days of White’s arrest. Therefore, White was not entitled to an adversary preliminary hearing.
 
 See
 
 Fla. R.Crim. P. 3.133(b)(1) ("A defendant who is not charged in an information or indictment within 21 days from the date of arrest ... shall have a right to an adversary preliminary hearing on any felony charge then pending against the defendant.”). Even if such a hearing had been held, and a finding of no probable cause made, White would not have been entitled to a dismissal of the charges, but simply a release on his own recognizance. Fla. R.Crim. P. 3.133(b)(5);
 
 State v. Brooks,
 
 388 So.2d 1291 (Fla. 3d DCA 1980) and cases cited. We therefore affirm the trial court’s order insofar as it denies relief on this claim.