EMAS, J.
Gary White appeals the trial court’s order denying his motion for postconviction relief following an evidentiary hearing. We affirm.
In 2010, White filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, White claimed, inter alia, that his trial counsel rendered ineffective assistance by failing to investigate and present defense witnesses at trial. The trial judge summarily denied the motion as legally insufficient. On appeal, we reversed the trial court’s summary denial, holding that, where the motion is legally insufficient as pled, the court should not deny the motion, but rather strike or dismiss the motion, with leave to amend within a reasonable period of time. See White v. State, 62 So.3d 1156, 1158 (Fla. 3d DCA 2011) (citing Spera v. State, 971 So.2d 754 (Fla.2007)).[1] Thus, an order that dismisses or strikes, as legally insufficient, a timely rule 3.850 motion, and provides the defendant with leave to amend the motion within a specific time, is a nonfinal, nonappealable order.[2]
Upon remand, the successor trial judge entered an order striking White’s initial motion for postconviction relief as legally insufficient, and granted leave to amend the motion with thirty days. Thereafter, White timely filed his amended motion and the trial court, determining that the amended motion was legally sufficient, held an evidentiary hearing on White’s claim of ineffective assistance of counsel. Following the evidentiary hearing, the trial court entered an order denying White’s motion.
Having reviewed the record, the hearing transcript, and the trial court’s order, we affirm the order denying relief.

. It should be noted that the Florida Supreme Court recently adopted amendments to Rule 3.850, consistent with the procedure outlined in Spera, to provide the trial court with additional guidance in the proper disposition of a timely but legally insufficient motion under that rule. See In Re: Amendments to the Florida Rules of Criminal Procedure and the Florida Rules of Appellate Procedure, 112 So.3d 1234 at *1248 (Fla.2013) (effective July 1, 2013) (providing "[i]f the motion is insufficient on its face, and the motion is timely filed under this rule, the court shall enter a nonfi-nal, nonappealable order allowing the defendant 60 days to amend the motion. If the amended motion is still insufficient or if the defendant fails to file an amended motion within the time allowed for such amendment, the court, in its discretion, may permit the defendant an additional opportunity to amend the motion or may enter a final, appealable order summarily denying the motion with prejudice.”)

. Because an order dismissing or striking a timely but legally insufficient motion, with leave to amend within a time certain, is a nonfinal, nonappealable order, the trial court ordinarily need not (and should not) include in such an order a notification that the defendant has thirty days within which to appeal. Inclusion of such language only adds confusion and results in the defendant seeking appellate review of a nonfinal, nonappealable order, instead of (or simultaneous with) filing an amended and legally sufficient motion.